457 A.2d 572

COMMONWEALTH of Pennsylvania

v.

Gregory HARRIS, Appellant.

Superior Court of Pennsylvania.

Submitted May 26, 1982.

Filed March 11, 1983.

Douglas M. Johnson, Public Defender, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before BROSKY, WIEAND and BECK, JJ.

PER CURIAM:

On June 16, 1981, appellant entered an open plea of guilty to two counts each of criminal conspiracy, recklessly endangering another person and possession of an instrument of crime and to one count each of terroristic threats, unlawful restraint, simple assault, aggravated assault, robbery, criminal attempt—robbery, violation of the Uniform Firearms Act, theft by unlawful taking and receiving stolen property.

He was sentenced on November 20, 1981 to a term of imprisonment of not less than seven and one-half years nor more than fifteen for robbery, a consecutive term of imprisonment of five to ten years imprisonment for criminal attempt, another consecutive term of ten years probation

for criminal conspiracy and possession of an instrument of crime and a concurrent term of five years probation. Sentence was suspended on the remaining counts.

Motions to modify sentence and to withdraw the guilty plea were denied and this appeal followed. Appellant contends that the lower court should have permitted him to withdraw his guilty plea because the colloquy was inadequate. We find no merit to this argument. He also contends that sentence should be reversed because the sentencing judge failed to state his reasons for the sentence at the time of sentencing. On this point, we agree and vacate sentence and remand for resentencing.[1]

Appellant's motion to withdraw the guilty plea was filed on November 27, 1981—after sentence was imposed. Our Supreme Court recently discussed the standard to be applied to withdrawal of guilty plea motions which are filed after sentencing.

After stating the standard applicable to presentencing motions, the court wrote in *Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591 (1982):

When considering a petition to withdraw a guilty plea submitted to a trial court *after sentencing*, however, it is well-established that 'a showing of prejudice on the order of manifest injustice,' *Commonwealth v. Starr*, 450 Pa. 485, 490, 301 A.2d 592, 595 (1973), is required before withdrawal is properly justified. *See also, Commonwealth v. May*, 485 Pa. 371, 402 A.2d 1008 (1979); *Commonwealth v. Rosmon*, 477 Pa. 540, 384 A.2d 1221 (1978); *Commonwealth v. Riggins*, 474 Pa. 507, 378 A.2d 1229 (1977); American Bar Association Standards for Criminal Justice, Pleas of Guilty, Standard 14–2.1 (2d ed. 1980). Post-sentencing attempts to withdraw a guilty plea must sustain this more substantial burden because of the recognition that a plea withdrawal can be used as a sentencing-testing device. *Commonwealth v. Starr*, 450 Pa. at 489, 301 A.2d at 594 (1973). If a plea of guilty could be

---

1. Appellant makes other arguments as to sentencing which we need not address given our disposition of the above stated contention.

retracted with ease after sentencing, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe.

Certain of the American Bar Association Standards for Criminal Justice, Pleas of Guilty, have been adopted by this Court in the past. *See Commonwealth v. Starr, supra* (petitioner must show 'fair and just' reason in attempting to withdraw plea before sentencing). The Standards Relating to Pleas of Guilty (2d ed. 1980), Standard 14–2.1(b)(ii)(C) relating to Withdrawal of Pleas, provides that manifest injustice exists where 'the plea was involuntary, or was entered without knowledge of the charge.' In accord with this suggested standard, some demonstration must be made that the plea was *not voluntary* or that the plea was entered *without knowledge of the charge* such that refusing to allow the petitioner to withdraw his plea would amount to a manifest injustice. 498 Pa. 346, 446 A.2d at 593.

█ Appellant argues first that the guilty plea colloquy was defective because it did not inform him that if he were tried by a jury, it would be chosen from members of the community. While it is true that a guilty plea colloquy must inform a defendant of the constitutional rights he is waiving, including the right to trial by jury. (See *Commonwealth v. Ward*, 483 Pa. 53, 394 A.2d 535 (1978)), we have held that the failure to inform a defendant that the jurors would be chosen from his community would not invalidate an otherwise proper jury waiver. *Commonwealth v. Fortune*, 289 Pa.Super. 278, 433 A.2d 65 (1981). The pertinent part of the colloquy in *Fortune* contains language substantially the same as that in the colloquy before us in which appellant was told:

Number one, you give up your right to a trial by jury. In a trial by jury the Commonwealth would have to prove your guilt on each and every element of every offense beyond a reasonable doubt to the satisfaction of that jury unanimously and you would have the right to have coun-

sel and assist that counsel in the selection of that jury, do you understand that?

Based on our conclusion in *Fortune,* we find no merit to this argument.

■ Appellant also contends that the colloquy was inadequate in that he was not told that the sentences imposed on him might be imposed consecutively.

Of course, a defendant must be told the range of sentences that could be imposed for the offenses charged. See *Commonwealth v. Chumley,* 482 Pa. 626, 394 A.2d 497 (1978); *Commonwealth v. Kulp,* 476 Pa. 358, 382 A.2d 1209 (1978).

The comment to Pa.Rule of Crim.Proc. 319 states as one of the requirements of a guilty plea colloquy that the defendant be asked questions to elicit that he is "aware of the permissible range of sentences and/or fines for the offenses charged."

Appellant was clearly told the possible sentence range for each sentence. He knew that he could receive the maximum sentence for each offense. In fact, however, he received suspended sentences on several charges, probationary sentences on others and was sentenced to only two terms of imprisonment.

Appellant has failed to meet the burden of demonstrating manifest injustice in the denial of his motion to withdraw his guilty plea. To grant the motion based only on his assertion that he did not know that his sentences might be imposed consecutively, it seems to us, would permit him to use the withdrawal as a sentence-testing device. See *Shaffer,* supra.

■ Appellant also argues that he should be resentenced because the trial judge failed to articulate the reasons for the sentence at the time of trial.

Although the judge did later write an opinion in which he discussed the sentence and his reasons for imposing it, our

review of the sentencing transcript indicates that he did not disclose those reasons at the time of sentencing.[2]

Based on the recent decision of this court in *Commonwealth v. Giles*, 303 Pa.Super. 187, 449 A.2d 641 (1982), we are compelled to vacate sentence and remand for resentencing. In *Giles*, we rejected the argument that the failure to state reasons at the time of sentencing can be remedied by stating them in a later opinion. We held that when a trial court does not state reasons on the record at the time of sentencing, the sentence should be vacated and the case remanded for resentencing.

Order affirmed as to the denial of the motion to withdraw guilty plea. Sentence vacated and case remanded for resentencing. This court does not retain jurisdiction.

---

**2.** Although counsel both argued as to sentence, the judge never delineated his reasons for the sentence imposed. He imposed sentence after making inquiry as to alleged previous criminal activity of the appellant, but limited his remarks to such inquiry, the actual imposition of sentence, and the conclusion that his reasons were in the record.