480 A.2d 330

**COMMONWEALTH of Pennsylvania**

v.

**Darryl GUYTON, Appellant.**

Superior Court of Pennsylvania.

Submitted April 16, 1984.

Filed Aug. 17, 1984.

---

232

George R. Klotzbaugh, State College, for appellant.

Dennis C. Pfannenschmidt, Assistant District Attorney, Bellefonte, for Com., appellee.

Before MONTEMURO, CERCONE and HESTER, JJ.

PER CURIAM:

This is an appeal from the denial of appellant's petition to withdraw his guilty plea. The sole issue raised on appeal is whether such plea was unknowingly entered as a result of the failure to define, for appellant's sake, the word "consecutive". We reluctantly reverse.

The pertinent portion of the guilty pleas colloquy reads as follows:

THE COURT: All right. I'm going to ask your attorney to set forth what the plea agreement is. I want you to listen to it and then you'll have an opportunity to either agree or disagree with that. Mr. McGee [Public Defender].

[PUBLIC DEFENDER]: Your Honor, in this case Mr. Guyton is entering a guilty plea to simple assault. In exchange for the guilty plea the Commonwealth agrees that any sentence of incarceration be no greater than six months to two years in State Correction Institution consecutive to the sentence that he's currently serving. All other aspects of sentencing are left to the discretion of the court.

THE COURT: Mr. Gricar [District Attorney], is that your understanding?

[DISTRICT ATTORNEY]: Yes, Your Honor.

THE COURT: Mr. Guyton, is there anything you wish to add to that?

\*       \*       \*       \*       \*       \*

THE DEFENDANT: May I ask another question? Is that after the time I'm doing now?

[PUBLIC DEFENDER]: It's consecutive to the sentence you're serving. That's the plea agreement, six months to two years consecutive to what you're doing now.

THE DEFENDANT: Yes.

THE COURT: All right. Do you understand that's the agreement? It was six months to two years?

THE DEFENDANT: Yes.

THE COURT: Is that agreeable with you?

THE DEFENDANT: Yes.

THE COURT: Do you wish to talk to your attorney about it before you proceed any further?

THE DEFENDANT: No.

(N.T. pp. 10–12).

The Commonwealth contends that the record refutes appellant's claim of ignorance. Furthermore, it is argued that a court need not define terms which have a commonly accepted meaning. *See Commonwealth v. Herberg,* 306 Pa.Superior Ct. 245, 452 A.2d 536 (1982) (need not advise doctor of meaning of "practitioner" and "administer or deliver"); *Commonwealth v. Everett,* 290 Pa.Superior Ct. 344, 434 A.2d 785 (1981) (need not define "marijuana").

We disagree with the Commonwealth's assessment of the record. As the above portion of the reproduced record demonstrates appellant asked for an explanation of the word "consecutive". The explanation given to him was that "consecutive" meant "consecutive". At the hearing on the petition to withdraw, appellant indicated that while he was then aware of the distinction between consecutive and concurrent, at the time he entered his plea he thought the terms were inter-changeable.

■ Nor are we persuaded by the prosecution's claim that "consecutive" had a commonly understood meaning. Certain words, such as marijuana in *Everett,* may be universally understood. However, comprehension of other terms or phrases may be dependent upon an individual's background. *Herberg* is a good example of such, as there this court found that a forty-six year old physician, who had been practicing medicine for nineteen years, surely understood the meaning of "practitioner" and "administer or deliver." After all, it is the defendant's understanding of a plea bargain which is important and which must be ascertained. *Commonwealth v. Alvarado,* 442 Pa. 516, 276 A.2d 526 (1971); *Commonwealth v. Buhl,* 262 Pa.Superior Ct. 178, 396 Pa. A.2d 704 (1978).

In the case at hand, appellant had attained a ninth grade education. There was no demonstration on the record that he had any reason for understanding the implication of a consecutive sentence. *Commonwealth v. Fay*, 294 Pa.Superior Ct. 332, 439 A.2d 1227 (1982) requires that a defendant entering a plea be advised that the sentence imposed could run consecutive to any sentence then being served. Here the court complied with *Fay*. However, in *Commonwealth v. Buhl, supra*, the defendant was advised of the consecutive nature of the sentence but he contended that he did not understand it. This court did not address the specific claim raised here finding instead that the guilty plea court had failed to determine whether the defendant understood the whole of the plea bargain.

Even though *Buhl* found a general failure to inquire of a defendant's understanding, it controls our decision here pertaining to a specific failure to ascertain that appellant understood the meaning of "consecutive". For a plea to be valid a defendant must have a proper and full understanding of its consequences. *Commonwealth v. Zuber*, 466 Pa. 453, 460, 353 A.2d 441, 444 (1976). A court must assure itself that a defendant fully understands the maximum possible sentence. *Commonwealth v. Kulp*, 476 Pa. 358, 382 A.2d 1209 (1978). Here the court after being directly questioned by the appellant failed to explain the meaning of "consecutive", failing to make sure of appellant's understanding thereof. Therefore, we are constrained to reverse.

Order reversed; judgment of sentence is vacated, and the case is remanded for proceedings not inconsistent with this opinion. We do not retain jurisdiction.

HESTER, J., filed a dissenting statement.

HESTER, Judge, dissenting:

I respectfully but vigorously dissent. While serving a sentence of 2½ to 10 years for robbery and burglary at the State Correctional Institution at Rockview, appellant made

an unprovoked attack upon a guard who was searching his cell. As the result of a plea bargain, he was sentenced to from 6 months to 2 years, consecutive to the sentence he was then currently serving. The 18 page guilty plea colloquy conducted by Judge Grine is a model of perfection. It more than meets all the requirements mandated by our appellate courts and the Sentencing Code. Appellant's allegation that he did not understand that the sentence was to be served consecutive to his then current sentence is incredible. His questioning of the sentencing court at that point in the hearing, plus his prior experience with the criminal justice system, belies his contention. Appellant is a hardened criminal, no stranger to the sentencing process. The totality of the circumstances plus the extensive, detailed colloquy leave no doubt that appellant's plea was made knowingly, voluntarily and intelligently. I would, therefore, affirm on the opinion of Judge Grine of the court below.