600 A.2d 198

COMMONWEALTH of Pennsylvania

v.

Alfonso Purcell BRAXTON, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 3, 1991.

Filed Nov. 19, 1991.

Reargument Denied Jan. 6, 1992.

James R. Wilson, Asst. Public Defender, Pittsburgh, for appellant.

Kemal A. Mericli, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before WIEAND, KELLY and POPOVICH, JJ.

WIEAND, Judge:

On July 13, 1990, Alfonso Purcell Braxton entered a plea of guilty to three counts of robbery and three counts of criminal conspiracy. He was sentenced on October 2, 1990

to serve consecutive terms of imprisonment for not less than five (5) years nor more than twenty (20) years on each of the three counts of robbery.[1] Thereafter, a pro se motion to withdraw the plea of guilty was filed by Braxton and denied by the trial court. On direct appeal from the judgment of sentence, Braxton asserts that his guilty plea was unknowingly entered because he was not informed by the court that consecutive sentences could be imposed. He argues further that guilty plea counsel was constitutionally ineffective for failing to correct the defective plea colloquy or to seek withdrawal of the plea.[2] Finding no merit in this contention, we affirm the judgment of sentence.

The standard to be employed in evaluating claims of ineffective assistance of counsel has been stated by the Pennsylvania Supreme Court in the following manner:

> The threshold inquiry in such claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit; for counsel cannot be considered ineffective for failing to assert a meritless claim. *Commonwealth v. Pursell*, 508 Pa. 212, 495 A.2d 183 (1985). If this threshold is met, it must next be established that the particular course chosen by counsel had no reasonable basis designed to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Finally, we require that the defendant establish how counsel's commission or omission prejudiced him. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).

---

1. No further penalty was imposed for the three counts of conspiracy to which Braxton also pleaded guilty.

2. Both appellant's guilty plea counsel and his current appellate counsel are members of the same public defender's office. As a general rule, a public defender may not argue the ineffectiveness of another member of the same public defender's office. See: *Commonwealth v. Fetzner*, 372 Pa.Super. 469, 473, 539 A.2d 890, 892 (1988). In the instant case, however, a conclusive determination as to counsel's effectiveness can be made from the record. Therefore, it is not necessary to remand this case for the appointment of new counsel unaffiliated with the public defender's office. See: *Commonwealth v. McBee*, 513 Pa. 255, 261, 520 A.2d 10, 13 (1986).

*Commonwealth v. Durst,* 522 Pa. 2, 4–5, 559 A.2d 504, 505 (1989). See also: *Commonwealth v. Rollins,* 525 Pa. 335, 344, 580 A.2d 744, 748 (1990); *Commonwealth v. Davis,* 518 Pa. 77, 83, 541 A.2d 315, 318 (1988). "Because the law presumes that counsel is effective, the burden of establishing ineffectiveness rests with appellant." *Commonwealth v. House,* 371 Pa.Super. 23, 28, 537 A.2d 361, 363 (1988). See also: *Commonwealth v. Floyd,* 506 Pa. 85, 90, 484 A.2d 365, 367 (1984); *Commonwealth v. McKendrick,* 356 Pa.Super. 64, 71, 514 A.2d 144, 148 (1986). Additionally, "[a]llegations of ineffectiveness of counsel in connection with a guilty plea will provide a basis [for] relief only if ineffectiveness caused an involuntary or unknowing plea." *Commonwealth v. Owens,* 321 Pa.Super. 122, 130, 467 A.2d 1159, 1163 (1983). See also: *Commonwealth v. Chumley,* 482 Pa. 626, 641, 394 A.2d 497, 504 (1978), *cert. denied,* 440 U.S. 966, 99 S.Ct. 1515, 59 L.Ed.2d 781 (1979); *Commonwealth v. West,* 336 Pa.Super. 180, 185–186, 485 A.2d 490, 493 (1984).

Instantly, appellant's claim of ineffectiveness is premised upon counsel's allowing him to enter a plea of guilty in which he had not been informed by the court, prior to entering the plea, that consecutive sentences could be imposed. In order to ascertain the underlying merit of this claim, we must determine whether it was necessary, in order to ensure that appellant's plea was knowingly and voluntarily entered, that he be informed of the possibility of consecutive sentences.

The procedures to be followed in accepting a defendant's plea of guilty have been described by the Superior Court in the following manner:

Pursuant to Pa.R.Crim.P. 319(a), a trial judge "shall not accept [a guilty plea] unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record." Regarding the entry of a guilty plea, it has been said:

Pennsylvania has constructed its guilty plea procedures in a way designed to guarantee assurance that guilty pleas are voluntarily and understandingly tendered. See: Pa.R.Crim.P. 319 and comment thereon. The entry of a guilty plea is a protracted and comprehensive proceeding wherein the court is obliged to make a specific determination after extensive colloquy on the record that a plea is voluntarily and understandingly tendered. A guilty plea colloquy must include inquiry as to whether (1) the defendant understood the nature of the charge to which he is pleading guilty; (2) there is a factual basis for the plea; (3) the defendant understands that he has the right to a jury trial; (4) the defendant understands that he is presumed innocent until he is found guilty; (5) the defendant is aware as to the permissible range of sentences; and (6) the defendant is aware that the judge is not bound by the terms of any plea agreement unless he accepts such agreement. *Commonwealth v. Willis*, 471 Pa. 50, 369 A.2d 1189 (1977). Inquiry into these six areas is mandatory in every guilty plea colloquy. *Commonwealth v. Glaze*, 366 Pa.Super. 517, 531 A.2d 796 (1987); *Commonwealth v. Moore*, 365 Pa.Super. 65, 528 A.2d 1364 (1987). See also: *Commonwealth v. Johnson*, 355 Pa.Super. 123, 512 A.2d 1242 (1986).

*Commonwealth v. Cole*, 387 Pa.Super. 328, 335–336, 564 A.2d 203, 206–207 (1989). See also: *Commonwealth v. Alston*, 387 Pa.Super. 393, 397, 564 A.2d 235, 237 (1989); *Commonwealth v. Cortino*, 387 Pa.Super. 210, 215–216, 563 A.2d 1259, 1261–1262 (1989).

*Commonwealth v. McClendon*, 403 Pa.Super. 467, 471–72, 589 A.2d 706, 708 (1991) (en banc). See also: *Commonwealth v. Dilbeck*, 466 Pa. 543, 353 A.2d 824 (1976); *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974). With respect to the mandatory inquiry into a defendant's awareness of the permissible range of sentences, it has been said that:

[T]he decision to plead guilty to a charge could not be accepted as being knowingly and intelligently entered without an assurance that the accused fully comprehended the maximum punishment that might be imposed for his conduct. This information is obviously an integral part of the knowledge that should be possessed by one who is called upon to make the difficult decision whether to surrender his right to trial and to place himself at the mercy of the sentencing court. No civilized society could tolerate the waiver of such basic rights from one who was unaware of or misinformed as to such a critical fact.

*Commonwealth v. Kulp*, 476 Pa. 358, 361, 382 A.2d 1209, 1211 (1978). See also: *Commonwealth v. Glaze*, 366 Pa.Super. 517, 522–523, 531 A.2d 796, 799 (1987); *Commonwealth v. Schreiber*, 319 Pa.Super. 367, 373, 466 A.2d 203, 206 (1983).

In the instant case, appellant completed an extensive written plea colloquy in which he acknowledged that he had discussed with counsel, and was fully aware of, the permissible range of sentences for each of the charged offenses. Appellant also indicated that he had been given adequate opportunity to consult with counsel and was satisfied with counsel's representation. At the guilty plea hearing, moreover, the court orally supplemented the written colloquy by specifically informing appellant of the elements of and maximum sentences for each of the charged offenses. Thereafter, appellant told the court that he understood the charges against him. In light of these circumstances, it seems clear that appellant was fully aware of the possible sentences which he faced for each offense to which he pleaded guilty. See: *Commonwealth v. Moore*, 365 Pa.Super. 65, 72–74, 528 A.2d 1364, 1367–1368 (1987).

Despite having been informed of the maximum sentence possible for each offense, appellant asserts that his plea was involuntary because he was not also told that consecutive sentences could be imposed for each offense. We disagree. In *Commonwealth v. Harris*, 311 Pa.Super. 216, 457 A.2d 572 (1983), the defendant pleaded guilty to numer-

ous offenses and was given consecutive sentences with respect to two offenses, probation on two other offenses, and a suspended sentence for the remaining offenses. Following the denial of a motion to withdraw his guilty plea, the defendant argued on appeal that the guilty plea colloquy had been defective because he had not been told specifically that consecutive sentences might be imposed. In rejecting this argument, the Superior Court reasoned as follows:

> Of course, a defendant must be told the range of sentences that could be imposed for the offenses charged. See *Commonwealth v. Chumley*, 482 Pa. 626, 394 A.2d 497 (1978); *Commonwealth v. Kulp*, 476 Pa. 358, 382 A.2d 1209 (1978).
>
> The comment to Pa.Rule of Crim.Proc. 319 states as one of the requirements of a guilty plea colloquy that the defendant be asked questions to elicit that he is "aware of the permissible range of sentences and/or fines for the offenses charged."
>
> Appellant was clearly told the possible sentence range for each sentence. He knew that he could receive the maximum sentence for each offense. In fact, however, he received suspended sentences on several charges, probationary sentences on others and was sentenced to only two terms of imprisonment.
>
> Appellant has failed to meet the burden of demonstrating manifest injustice in the denial of his motion to withdraw his guilty plea. To grant the motion based only on his assertion that he did not know that his sentences might be imposed consecutively, it seems to us, would permit him to use the withdrawal as a sentence-testing device. See [*Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591 (1982)].

*Commonwealth v. Harris, supra* 311 Pa.Super. at 220, 457 A.2d at 574.

The instant case is indistinguishable from *Commonwealth v. Harris, supra.* Here, as in *Harris,* appellant had been informed of the maximum sentence he faced on each

charge to which he pleaded guilty. The requirement that he be made aware of the permissible range of sentences was thereby fulfilled. The fact that appellant was not specifically told that several sentences could be made to run consecutively did not render the plea colloquy defective or supply a basis for withdrawing the guilty plea.

The decisions in *Commonwealth v. Fay,* 294 Pa.Super. 332, 439 A.2d 1227 (1982) and *Commonwealth v. Guyton,* 331 Pa.Super. 231, 480 A.2d 330 (1984), upon which appellant relies, are inapposite. In *Fay,* the defendant had entered a plea of guilty to a charge of robbery while he was already serving a federal prison sentence for bank robbery. After receiving a sentence for robbery which was made consecutive to his federal sentence, the defendant filed a PCHA petition alleging that the guilty plea colloquy had been defective because he had not been aware that his state sentence could be made to run consecutively with the federal sentence. The Superior Court agreed and held that a defendant who had entered a guilty plea should be advised that the sentence imposed could be made to run consecutively to a sentence which he was already serving. *Fay,* however, is distinguishable from both *Harris* and the instant case. Instantly, appellant was not sentenced consecutively to any sentence which he was already serving when he entered his guilty plea. Rather, appellant was sentenced only for offenses to which he was then entering pleas of guilty, and he was fully aware of the maximum sentences he faced for each of those offenses.

Similarly, the decision in *Commonwealth v. Guyton, supra,* is not controlling of the instant case. There the defendant had entered a guilty plea to a charge of simple assault and had been told that in exchange for pleading guilty he would receive a sentence no greater than six months to two years in prison, which would run consecutively to any sentence already being served. When the defendant inquired as to the meaning of the term consecutive, no explanation was provided. On appeal, the Superior Court held that the guilty plea had not been knowingly

entered under the circumstances. In the instant case, however, appellant at no time demonstrated any doubt as to his understanding of the guilty plea. He was fully informed of the possible sentences which he could be given for each offense and affirmatively indicated his understanding thereof. On these facts it is the decision in *Commonwealth v. Harris, supra,* and not the decisions in *Fay* and *Guyton,* which is controlling.

We conclude, therefore, that appellant's plea of guilty was knowingly and intelligently entered. As such, there was no basis for guilty plea counsel to object to the plea colloquy or seek to withdraw the plea merely because appellant was not told on the record that consecutive sentences could be imposed for the offenses to which he was entering a plea of guilty.[3]

The judgment of sentence is affirmed.

---

**3.** Appellant has not alleged that he was unaware of the fact that consecutive sentences could be imposed. He asserts only that he was not told of this possibility during the guilty plea colloquy.