615 A.2d 1305

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Frank O. PERSINGER, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 21, 1992.

Decided Nov. 10, 1992.

Reargument Denied Dec. 23, 1992.

318

Shelley Stark, Chief–Appellate Div., James R. Wilson, Appellate Counsel, Public Defender's Office, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Claire C. Capristo, Deputy Dist. Atty., Kemal A. Mericli and Scott A. Bradley, Asst. Dist. Attys., Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

On October 23, 1989, Frank O. Persinger, appellant, was charged by information with nine counts of Bad Checks [1] and

1. 18 Pa.C.S.A. § 4105.

one count of Theft by Deception[2] at Nos. CC8910384, CC8911007, CC8911212, CC8911682 and CC8912170. On January 11, 1990, appellant entered a plea of guilty to all charges and on February 15, 1990, appellant was sentenced to one (1) to two (2) years each on six counts of Bad Checks and two and one half (2½) to five (5) years imprisonment for Theft by Deception, all sentences to be served consecutively.[3] This resulted in an aggregate sentence of seven and one half (7½) to fifteen years (15) years imprisonment. On March 12, 1990, the court granted defense counsel leave to withdraw and appointed counsel from the Office of the Public Defender to represent appellant.

This appeal is from the Order of the Superior Court which affirmed appellant's judgments of sentence. 410 Pa.Super. 655, 590 A.2d 376. The sole issue before this Court is whether the lower courts erred in holding that trial counsel was not ineffective for failing to file a motion to withdraw the guilty plea because appellant, although informed as to the maximum sentence imposable for each count, was not informed that the sentences could be imposed consecutively. Appellant contends that counsel's failure caused him to enter a guilty plea which was not knowing and intelligent as required by law. He maintains that he thought his sentences would run concurrently, thus resulting in a possible maximum sentence of only two (2) to five (5) years, rather than seven and one-half (7½) to fifteen (15) years imprisonment. The Commonwealth responds that appellant was adequately informed of the permissible range of sentences for each of the offenses charged which is all that is required by law and that no showing of manifest injustice has been made.

■ We begin by noting that the appropriate standard against which all claims of ineffective assistance of counsel must be measured is well settled.

2. 18 Pa.C.S.A. § 3922.

3. Following a hearing on appellant's Motion for Modification of Sentence, the sentence of one (1) to (2) years imposed for Bad Checks at CC8910384 was vacated by reason of merger.

The threshold inquiry in such claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit; for counsel cannot be considered ineffective for failing to assert a meritless claim. If this threshold is met, it must next be established that the particular course chosen by counsel had no reasonable basis designed to effectuate his client's interest. Finally, we require that the defendant establish how counsel's commission or omission prejudiced him.

*Commonwealth v. Durst,* 522 Pa. 2, 4–5, 559 A.2d 504, 505 (1989) (citations omitted); *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987).

■ In determining whether appellant's claim has arguable merit we must first look to the standard applied in withdraw of guilty plea cases.

When considering a petition to withdraw a guilty plea submitted to a trial court after sentencing, ..., it is well-established that "a showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified."

*Commonwealth v. Shaffer,* 498 Pa. 342, 446 A.2d 591 (1982) (emphasis omitted) (citations omitted).

■ Pennsylvania Rules of Criminal Procedure, Rule 319 governing guilty pleas, requires the court to conduct an on-the-record inquiry to determine that the plea is "voluntarily and understandingly tendered." Pa.R.Crim.P. 319(a). In order to determine whether the plea is voluntarily and understandingly entered the court must ask questions in six particular areas, including "Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?" Pa.R.Crim.P. 319 comment. Inquiry into these areas is mandatory, *Commonwealth v. Willis,* 471 Pa. 50, 369 A.2d 1189 (1977); *Commonwealth v. Dilbeck,* 466 Pa. 543, 353 A.2d 824 (1976), and a failure to make the inquiry will require that the defendant be allowed to withdraw his or her guilty plea. *See Commonwealth v. Kulp,* 476 Pa. 358, 382 A.2d 1209 (1978). The purpose of this rule is to insure that the defendant fully

understands the consequences of his election to plead guilty.
In *Commonwealth v. Kulp,* we stated that:

> ... the decision to plead guilty to a charge could not be
> accepted as being knowingly and intelligently entered with-
> out an assurance that the accused fully comprehended the
> *maximum punishment that might be imposed for his con-
> duct.* This information is obviously an integral part of the
> knowledge that should be possessed by one who is called
> upon to make the difficult decision whether to surrender his
> right to trial and to place himself at the mercy of the
> sentencing court. No civilized society could tolerate the
> waiver of such basic rights from one who was unaware of or
> misinformed as to such a critical fact.

476 Pa. 358, 361, 382 A.2d 1209, 1211 (1978) (emphasis added).

The record below reveals that, although appellant was
informed by the court as to the permissible range of sentence
for each offense, he was not informed that the sentences could
be imposed consecutively.[4] In holding that appellant's claim
was without merit, the Superior Court relied upon their
decision in *Commonwealth v. Harris,* 311 Pa.Super. 216, 457
A.2d 572 (1983), wherein it stated that:

> Appellant has failed to meet the burden of demonstrating
> manifest injustice in the denial of his motion to withdraw his
> guilty plea. To grant the motion based only on his assertion
> that he did not know that his sentences might be imposed
> consecutively, it seems to us, would permit him to use the
> withdrawal as a sentence-testing devise.

*Id.* at 220, 457 A.2d at 574 (citation omitted). *Accord Com-
monwealth v. Bauer,* 413 Pa.Super. 220, 604 A.2d 1098 (1992);
*Commonwealth v. Braxton,* 410 Pa.Super. 391, 600 A.2d 198
(1991). Although on-point, the court fails to explain its ratio-
nale for finding that manifest injustice was absent.[5]

---

**4.** Appellant acknowledged via the written plea colloquy that he had
discussed the permissible range of his sentence with his attorney,
however neither defense counsel nor the court explained to appellant
that the sentences could result in consecutive terms of imprisonment.

**5.** The Superior Court attempts to distinguish its opinions in *Common-
wealth v. Fay,* 294 Pa.Super. 332, 439 A.2d 1227 (1982), wherein it held
that defendant's guilty plea was not knowingly and understandingly

 The goal sought to be attained by the guilty plea colloquy is assurance that a defendant's guilty plea is tendered knowingly, intelligently, voluntarily and understandingly. See Pa.R.Crim.P. 319. A defendant obviously cannot be expected to plead intelligently without understanding the consequences of his plea. In order to understand the consequences of his plea it is clear that a defendant must be informed of the *maximum* punishment that might be imposed for his conduct. *Commonwealth v. Kulp, supra.* To hold that the term "maximum" does not include the total possible aggregate sentence is clearly incorrect. And to hold that a plea was intelligently and understandingly entered where a defendant was not informed that consecutive sentences could be imposed upon his multiple convictions is equally incorrect.

Significantly, the ABA Standards for Criminal Justice (2nd ed. 1980) relating to Pleas of Guilty provides in relevant part:

(a) The court should not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally in open court and determining that the defendant understands:

(i) the nature and elements of the offense to which the plea is offered;

(ii) the maximum possible sentence on the charge, *including that possible from consecutive sentences,* and the mandatory minimum sentence, if any, on the charge, or of any special circumstances affecting probation or release from incarceration;

* * * * * *

ABA Standards for Criminal Justice, Standard 14–1.4. (emphasis added).

entered where defendant was not apprised of the possibility that the sentence to be imposed could run consecutively to the sentence defendant was then serving in federal prison; and *Commonwealth v. Guyton,* 331 Pa.Super. 231, 480 A.2d 330 (1984), where it held that defendant's guilty plea was not knowingly and understandingly entered where the court failed to define the word "consecutive." We believe this attempted distinction is not clear and hence conduct our own analysis of the issue before us.

■ We believe that the reasoning behind this standard is sound, for this approach will help to assure that the defendant appreciates the significance and consequences of his plea and that once entered the plea will withstand post-sentencing attack. Requiring the trial court to tell the defendant that the sentences may be imposed consecutively and what the total aggregate sentence could be will not significantly lengthen the colloquy or place any undue burden on the court. Accordingly, we find that the absence of this inquiry from the transcript renders the colloquy defective. As a result, appellant has suffered a manifest injustice. We find therefore, that appellant's claim has merit. We also find that because there were adequate grounds for withdrawal of appellant's plea, counsel's failure to seek withdrawal of appellant's plea was prejudicial to appellant.[6]

Our inquiry is not complete, however, until we consider whether counsel had a reasonable basis for his or her course of action designed to serve the best interests of the client. Although there is no record of a hearing at which appellant's former counsel might have explained the reasons for his failure, we are of the opinion that there could have been no reasonable basis for counsel's course of action under these circumstances. Therefore, we conclude that it is not necessary to remand for an evidentiary hearing. *See Commonwealth v. Turner,* 469 Pa. 319, 365 A.2d 847 (1977).

For the foregoing reasons, we hold that defendant's counsel was ineffective for failure to file a motion to withdraw appellant's guilty plea, based on the fact that defendant's guilty plea colloquy was defective because he was not informed that the consequences of his guilty plea included the possibility of consecutive sentences. Accordingly, we reverse the order of the Superior Court and remand the case for trial.

CAPPY, J., concurs in the result.

6. We note that if counsel had objected to the inadequate colloquy, the correct maximum sentence would have been explained and the defect corrected. Therefore, counsel's failure to object actually caused the unknowing plea. *See Commonwealth v. Chumley,* 482 Pa. 626, 394 A.2d 497 (1978), *cert. denied,* 440 U.S. 966, 99 S.Ct. 1515, 59 L.Ed.2d 781 (1979).