COMMONWEALTH of Pennsylvania,
Appellee,

v.

Tiarike HODGES, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 10, 2001.

Filed Jan. 3, 2002.

John J. McMahon, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before EAKIN, J., CERCONE, President Judge Emeritus, and BECK, J.

BECK, J.

¶ 1 This is an appeal from the judgment of sentence imposed after appellant entered his guilty plea. Appellant, Tiarike Hodges, presents the following issue for our review: whether a manifest injustice resulted after the trial court denied his motion to withdraw his guilty plea. After careful consideration, we find that appellant's claim has merit, and we therefore reverse.

¶ 2 Appellant was charged with two counts of murder in the first degree,[1] possession of an instrument of a crime (PIC),[2] two counts of violations of the Uniform Firearms Act (VUFA),[3] and conspiracy to commit those crimes.[4] These charges stemmed from the killings of two young men at the Global Pizza Parlor in Philadelphia.

¶ 3 Because of the nature of the crimes, the Commonwealth, in accordance with Pa.

---

1.  18 Pa.C.S. § 2502.

2.  18 Pa.C.S. § 907.

3.  18 Pa.C.S. § 6106, § 6108.

4.  18 Pa.C.S. § 903.

R.Crim.P. 801 (formerly Rule 352), sent appellant notice of aggravating circumstances, thereby notifying appellant to its intent to seek the death penalty.

¶ 4 On October 2, 2000, appellant entered negotiated guilty pleas to two counts of murder in the first degree, PIC, and conspiracy to commit these crimes in exchange for the Commonwealth to forgo seeking the death penalty on the murder charges. In accordance with the plea negotiations, appellant was sentenced to two consecutive life sentences and to terms of ten to twenty years and two and one-half years imprisonment on the conspiracy and PIC charges respectively. The conspiracy and PIC sentences were ordered to run concurrent to the life sentences. Subsequently, appellant filed timely motions to withdraw his guilty plea.

¶ 5 The thrust of appellant's argument revolved around a mistake pertaining to appellant's age. Although trial counsel and the Commonwealth believed that appellant was born on May 7, 1980, appellant was actually born on May 7, 1982, making him fifteen years old at the time of the crime. Because he was not yet sixteen years of age at the time of the crime, he could not be subjected to the death penalty. *Thompson v. Oklahoma*, 487 U.S. 815, 108 S.Ct. 2687, 101 L.Ed.2d 702 (1988). Appellant correctly asserted that because of his age, the death penalty was never applicable. Therefore, because he entered into his plea agreement in order to avoid the death penalty, appellant requested leave to withdraw that plea.

¶ 6 The trial court, after a hearing on the issue and after careful deliberation, denied appellant's motion on January 11, 2001.

■ ¶ 7 Courts may permit a defendant to withdraw his or her plea of guilty after sentence has been imposed only where the defendant makes a showing of prejudice

that results in a manifest injustice. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. *Commonwealth v. Persinger*, 532 Pa. 317, 615 A.2d 1305 (1992).

■ ¶ 8 In addition, in determining whether a plea has been voluntarily entered, an examination of the totality of the circumstances is warranted. *Commonwealth v. Allen*, 557 Pa. 135, 147, 732 A.2d 582, 588–89 (1999).

¶ 9 The Pennsylvania Rules of Criminal Procedure require the court to conduct an on the record inquiry to determine whether the plea is voluntarily and knowingly tendered. Pa.R.Crim.P. 590(a) (formerly Rule 319(a)). The rule requires that a defendant understand the maximum sentence that can be applied to him under the law. *Persinger, supra*, 615 A.2d at 1308. The trial court, therefore, noted that the written colloquy indicated that appellant was aware that he could be sentenced to life imprisonment. In addition, the trial court observed that "no mention of the death penalty was made during the colloquy." Trial Court Opinion, 1/11/01 at 2. Upon close examination of the written plea colloquy, however, it is clear that appellant entered his plea on the condition that the Commonwealth would withdraw the death penalty. The written plea colloquy dated 10/2/00 contains, under the section *"Plea Bargain or Agreement"*, the negotiated plea:

> There is no plea bargain or agreement of any kind, except that the District Attorney promised to: Recommend a sentence of not more than life consecutive to life and concurrent 2½—5 PIC 10–20 Consp [sic]. Drop the charges of withdraw [sic] death penalty.

Written Plea Colloquy, 10/2/00.

¶ 10 In its decision to deny appellant's motion to withdraw his guilty plea, the

trial court relied primarily on its interpretation of two Pennsylvania Supreme Court cases, *Persinger, supra,* and *Commonwealth v. Carter,* 540 Pa. 135, 656 A.2d 463 (1995). Upon examination of these two cases, we find that the instant case is distinguishable.

¶ 11 In *Persinger,* the appellant was informed of the maximum sentence possible for each crime but was not informed that the sentences could be imposed consecutively. He received the maximum consecutive sentence that was within the bounds of the law; however, it was a higher sentence than ˙he thought possible. The Pennsylvania Supreme Court reversed this Court, permitting Persinger to withdraw his guilty plea because he had shown a manifest injustice. The Court stated: "[T]he decision to plead guilty to a charge could not be accepted as being knowingly and intelligently entered without an assurance that the accused fully comprehended the maximum punishment that might be imposed for his conduct." *Persinger, supra,* 615 A.2d at 1307 (*citing Commonwealth v. Kulp,* 476 Pa. 358, 382 A.2d 1209(1978)). Further, "a defendant cannot be expected to plead intelligently without understanding the consequences of his plea." *Id.* at 1308.

¶ 12 In *Carter,* the appellant completed a written *nolo contendere* plea colloquy. He was advised of each of the maximum sentences that could be imposed on each offense as well as the mitigated, standard and aggravated sentencing ranges. Carter filed a motion to withdraw his plea alleging that it was not knowingly, voluntarily or intelligently entered into because he was not informed that his sentences could be consecutive. The Court affirmed judgment of sentence because although Carter received a consecutive sentence, it was less than the maximum sentence that he could receive by law on even one count.

The *Carter* court held that "[a]ppellant was not sentenced to a term of imprisonment that exceeded his expectations of imprisonment so as to make his plea involuntary or unknowing... appellant's total prison sentence failed to meet even the maximum permissible sentence for a single count of burglary." *Carter, supra,* 656 A.2d at 466.

¶ 13 The result in the present case is one similar to *Carter* in that neither Carter nor appellant here received a sentence that was higher than expected. In *Carter,* the court stated that "[u]nquestionably, under these circumstances where the aggregate sentence falls within the minimum and maximum sentence that can be imposed on a single count of the crimes charged, appellant was not prejudiced for not being informed of the maximum total sentence he risked by pleading *nolo contendere.*" *Carter, supra,* 656 A.2d at 466. In likening the present case to *Carter,* the trial court stated that "although misinformed as to the death sentence, [appellant] received the benefit of his bargain and unlike *Persinger* he did not receive the actual maximum for the crime (the death sentence)." Trial Court Opinion, 1/11/01, at 2.

¶ 14 The difference between the present case and *Persinger* and *Carter* is as follows. Persinger and Carter's pleas were based on a maximum sentence that, while less than what was the actual maximum in each of their respective situations, was within the bounds of the law. Those cases, therefore, while factually similar, turned on whether or not the appellant received a sentence that he was aware he could receive. Persinger received a sentence that was more than what he was told and so he was permitted to withdraw his plea. Carter, on the other hand, received an aggregate sentence that was less than what he was told he could receive on just one

count. As a result, he was not entitled to a withdrawal. Therefore, where a criminal defendant pleads guilty believing that his maximum sentence is less than what he could actually receive by law, there is no manifest injustice unless he receives a higher sentence than what he was told. *Persinger, supra; Carter, supra.*

■ ¶ 15 Neither case is apposite. In the instant case, the plea was based on a maximum sentence that the court had no authority to impose. The entire process of plea negotiations, therefore, was affected by this grave error. Appellant pled guilty in order to avoid a maximum sentence which, by law, could not be imposed. We hold that in the event the maximum sentence communicated to a criminal defendant is in fact an illegal sentence, the plea process has been tainted from the outset and manifest injustice is established.

¶ 16 The trial court stated that appellant received the benefit of his bargain; it is clear, however, that appellant did not strike a legitimate bargain. While it is true that appellant was aware that he could be sentenced to life, and that sentence was subsequently imposed, it cannot be said that appellant entered into this agreement knowingly or voluntarily.[5]

¶ 17 In examining the totality of the circumstances, we find that appellant's guilty plea was not entered into knowingly, intelligently, and voluntarily. A denial of appellant's request to withdraw his guilty plea would result in manifest injustice. The trial court's refusal to permit appellant to withdraw his guilty plea after sentencing was therefore error. Accordingly, we must vacate the judgment of sentence.

5.    The trial court concluded that there was no manifest injustice "in light of the evidence and defendant's acknowledgement of his overwhelming guilt..." Trial Court Opinion,

¶ 18 Judgment of sentence vacated. Matter remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

1/11/01, at 2–3. The only evidence and acknowledgement of guilt in the record, however, is appellant's plea, the validity of which is at issue in this case.