J-S94004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RAYMOND MARTINEZ | |
| Appellant | No. 248 MDA 2016 |

Appeal from the Judgment of Sentence January 12, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003485-2015

BEFORE:  LAZARUS, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:               **FILED JANUARY 10, 2017**

Raymond Martinez appeals from his judgment of sentence, entered in the Court of Common Pleas of Berks County, after entering a negotiated guilty plea to third-degree murder[1] and conspiracy to commit burglary.[2]  In accordance with his plea agreement, Martinez was sentenced to 20-40 years in prison for the murder charge and a consecutive sentence of 5-10 years' imprisonment for the conspiracy charge.  Conflict counsel has also filed a

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(c).

[2] 18 Pa.C.S. § 903(a)(2); 3502(a)(1).

motion to withdraw on appeal, pursuant to **Anders**.[3]  After careful review,

we affirm and grant counsel's motion.

The trial court set forth the relevant facts of the case as follows:

During the early morning hours of November 7, 2014, the Defendant and several accomplices attempted to rob John Villareal, a drug dealer, at his home in Reading.  Pursuant to their plan, a female minor purchased drugs from Mr. Villareal and as she left his apartment, the Defendant attempted to force open the door and enter the premises.  However, Mr. Villareal managed to close the door before the Defendant could gain entrance.  The Defendant then fired several shots through the door, one of which killed Mr. Villareal.

During the course of their investigation, the Reading Police discovered interior and exterior video surveillance cameras at Mr. Villareal's apartment house.  The interior camera recorded the minor's visit to the apartment and a masked man shooting at the apartment door.  The police located the minor, who admitted her involvement in the crime, and identified the Defendant as the masked man in the video who fired the shots.  The police obtained an arrest warrant for the Defendant and he was later apprehended.  In addition to murder of the third degree and conspiracy to commit burglary, the Defendant was also charged with murder in the second degree, 18 Pa.C.S.[] Section 2502(b); robbery, 18 Pa.C.S. [§]903(a)(2); criminal attempt to commit burglary, 18 Pa.C.S. [§]901(a); firearms not [to] be carried without a license, 18 Pa.C.S.[] Section 6106(a)(1); and possessing instruments of crime, 18 Pa.C.S.[] Section 907(a).

On January 12, 2016, the first day of trial, the Defendant pleaded guilty to murder in the third degree and conspiracy to commit burglary.[4]  [During his guilty plea hearing, the court

_____

[3] **See Anders v. California**, 386 U.S. 738 (1967); **see also Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981) (setting forth requirements for counsel to withdraw on direct appeal).

[4] In exchange for his plea, the Commonwealth dismissed a second-degree murder charge against Martinez.
*(Footnote Continued Next Page)*

played the video taken at the victim's apartment on the day of the murder. Martinez admitted he was one of the people on the video and that he was wearing a mask and holding a firearm in his right hand. N.T. Guilty Plea/Sentencing Hearing, 1/12/16, at 13.]. Pursuant to a plea agreement, the Court sentenced the Defendant to consecutive sentences of 20 to 40 years for murder of the third degree and 5 to 10 years for conspiracy to commit burglary for a total period of incarceration of 25 to 50 years.

Trial Court Opinion, 6/13/16, at 1-2.

From January through February 2016, Martinez filed several *pro se* motions despite the fact that he was still represented by counsel. On January 22, 2016, Martinez filed a *pro se* Motion for Modification of Sentence claiming that he "was of the understanding that all sentences were to run concurrent, and that at the time of sentencing [he] was emotionally and mentally repentive [sic] of all else." *Pro Se* Motion for Modification of Sentence, 1/22/16, at 1. In his motion, Martinez alluded to the fact that because the court did not have the benefit of a presentence investigation report it was unaware of his mental health "symptoms" which would have been a mitigating sentencing factor and justified a concurrent sentence. On February 11, 2016, Martinez filed a *pro se* notice of appeal from his judgment of sentence.

On February 16, 2016, Martinez filed a *pro se* Motion for Appointment of Counsel. On February 17, 2016, the Court denied Defendant's Motion for Modification of Sentence. Martinez and plea counsel, Andrew Justin

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

Thompson, Esquire, filed a joint motion to remove Attorney Thompson from the case. In response to the joint motion to withdraw, the court conducted an on-the-record colloquy to determine whether Martinez wished to proceed with counsel, *pro se*, or apply for appointment of new counsel. ***See Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1988). Following the ***Grazier*** hearing, the court entered an order on April 6, 2016 permitting counsel to withdraw and appointing conflict-counsel, Kevin Feeney, Esquire, to assist Martinez in his appeal and any subsequent proceedings.

On May 19, 2016, Attorney Feeney filed a Pa.R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal noting that all the issues raised by Martinez concerned potential ineffectiveness of plea counsel (failure to locate/interview witnesses; fee issues; and advice to plead/accept plea) and that such claims should be raised in a timely post-conviction relief petition, not on direct appeal.

On appeal, Martinez presents the following issues for our review:

(1)   Did the trial court err in denying the post[-]sentence motion?

(2)   Should appeal counsel be permitted to withdraw?

Attorney Feeney has filed a petition to withdraw pursuant to ***Anders***. In order for counsel to withdraw from an appeal pursuant to ***Anders***, certain requirements must be met, and counsel must:

(1)   provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (citing

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009)).

Instantly, Attorney Feeney has complied with the dictates of *Anders*, *Daniels* and *Santiago*. Therefore, we now turn to the issues counsel has stated arguably support an appeal.

It is well settled that "a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." *Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991). The record reflects that Martinez entered a negotiated plea with regard to sentence and charges. N.T. Guilty Plea/Sentencing Hearing, 1/12/16, at 14 (trial judge stating to district attorney, "All right. Then I'm prepared to receive the negotiated plea agreement and what would that be?"). That plea agreement included an arrangement to run Martinez's sentences consecutive to one another. *Id.*

As conflict-counsel correctly recognizes, any claims of counsel's ineffectiveness that were raised in Martinez's Pa.R.A.P. 1925(b) statement of matters complained of on appeal must be deferred to collateral review.

Martinez neither knowingly nor expressly waived his rights to seek PCRA review from his conviction and sentence. *See Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013) (setting forth two limited exceptions to general rule deferring ineffectiveness claims until collateral review); *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002) (setting forth general rule deferring ineffectiveness claims until collateral review). Moreover, with regard to the voluntariness of his plea, we note that at the plea hearing Martinez indicated that he understood his sentences could be imposed consecutively to one another and that the statutory maximum sentence for third-degree murder is 40 years of incarceration. *Id.* at 11, 15. Therefore, we fail to find that he entered his guilty plea unwillingly, unknowingly or unintelligently. *Commonwealth v. Braxton*, 600 A.2d 198 (Pa. Super. 1991).

Accordingly, we agree with counsel that Martinez's claims on appeal are frivolous; counsel should be permitted to withdraw.

Judgment of sentence affirmed. Motion to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/10/2017

- 6 -