J-S01039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT DAVID DODSON | |
| Appellant | No. 1214 WDA 2014 |

Appeal from the PCRA Order July 10, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0002198-2011

BEFORE:  GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JANUARY 23, 2015**

Appellant, Robert David Dodson, appeals from the order entered in the Fayette County Court of Common Pleas, dismissing his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows.

> [Appellant] was charged with Homicide and Endangering the Welfare of Children stemming from the death of his fifteen (15) month-old daughter….   The case was consolidated with [the case against the child's mother, Tammy Bohon].   Before the child passed away, she had been suffering from severe vomiting and diarrhea, and the feeding tube that she needed to eat had fallen out.   Neither [Appellant] nor Bohon fixed the feeding tube, and neither parent took the child to the hospital for the immediate medical care she needed.   The child was left

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

> with [Appellant] and their older children while Bohon went out with a male friend and smoked crack cocaine.
>
> When the police arrived at the home, they observed it being in terrible shape and poorly maintained, and there were animal feces on the floor throughout the home, including locations near where the child had been laying. Dr. Cyril Wecht, who performed the autopsy, determined the child's cause of death to be dehydration and double pneumonia.
>
> \* \* \*
>
> Under the advice of [plea counsel], [Appellant] entered a guilty plea to Involuntary Manslaughter and Endangering the Welfare of Children on August 31, 2012. He was sentenced on October 25, 2012 in accordance with the plea agreement to a term of four and one-half (4.5) to nine (9) years of incarceration on the Involuntary Manslaughter charge. He received no additional penalty on the Endangering the Welfare of Children charge.

(PCRA Court Opinion, filed July 10, 2014, at 2-4). Appellant did not file post-sentence motions or a notice of appeal.

Appellant timely filed a counseled PCRA petition on October 24, 2013. In it, Appellant raised multiple allegations of counsel's ineffectiveness in conjunction with the entry of the guilty plea. On January 29, 2014, the court conducted an evidentiary hearing. The court denied PCRA relief on July 10, 2014. Appellant timely filed a notice of appeal on July 24, 2014. That same day, Appellant voluntarily filed a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b).

Appellant raises one issue for our review:

> WHETHER [THE] PCRA COURT DID ERR IN NOT FINDING INEFFECTIVE ASSISTANCE OF COUNSEL AT THE

FOLLOWING STAGES: (1) THE FAILURE OF COUNSEL TO ADEQUATELY REPRESENT THE CLIENT THROUGH THE PLEA PROCEDURES AS SET FORTH IN THE RECORD?

(Appellant's Brief at 5).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190 (Pa.Super. 2012).

On appeal, Appellant asserts plea counsel's PCRA hearing testimony did not establish that counsel prepared for a trial; therefore, Appellant had no choice but to enter a guilty plea. Specifically, Appellant contends plea counsel failed to research witnesses or retain a medical expert. Appellant insists plea counsel did not have reasonable basis for failing to prepare. Appellant concludes plea counsel was ineffective, and his ineffectiveness caused Appellant to enter an unknowing and involuntary guilty plea. We disagree.

As a prefatory matter, we note: "[T]o succeed on an allegation

of…counsel's ineffectiveness…a post-conviction petitioner must, at a minimum, present argumentation relative to each layer of ineffective assistance, on all three prongs of the ineffectiveness standard…." *Commonwealth v. D'Amato*, 579 Pa. 490, 500, 856 A.2d 806, 812 (2004) (internal citations omitted). "[A] petitioner does not preserve a…claim of ineffectiveness merely by focusing his attention on whether…counsel was ineffective. Rather, the petitioner must also present argument as to how the second and third prongs of the *Pierce*[2] test are met with regard to the…claim." *Commonwealth v. Santiago*, 579 Pa. 46, 69, 855 A.2d 682, 696 (2004). "[A]n undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy [the petitioner's] burden of establishing that he is entitled to any relief." *Commonwealth v. Bracey*, 568 Pa. 264, 273 n.4, 795 A.2d 935, 940 n.4 (2001). *See also Commonwealth v. Chmiel*, 612 Pa. 333, 362, 30 A.3d 1111, 1128 (2011) (explaining boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy petitioner's burden of proving ineffectiveness).

Additionally, "[A]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea."

---

[2] *Commonwealth v. Pierce*, 537 Pa. 514, 645 A.2d 189 (1994).

***Commonwealth v. Wah***, 42 A.3d 335, 338 (quoting ***Commonwealth v. Allen***, 833 A.2d 800, 802 (Pa.Super. 2003), *appeal denied*, 580 Pa. 703, 860 A.2d 488 (2004)).

> This is similar to the manifest injustice standard applicable to all post-sentence attempts to withdraw a guilty plea. The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [the appellant's] decision to plead guilty be knowingly, voluntarily, and intelligently made.

***Commonwealth v. Lewis***, 708 A.2d 497, 500-01 (Pa.Super. 1998), *appeal denied*, 555 Pa. 741, 725 A.2d 1219 (1998) (quoting ***Commonwealth v. Yager***, 685 A.2d 1000, 1004 (Pa.Super. 1996) (*en banc*)) (internal quotation marks omitted).

The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. ***Commonwealth v. Hodges***, 789 A.2d 764 (Pa.Super. 2002). Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the judge is not bound by the terms of the agreement unless he accepts the agreement. ***Commonwealth v. Watson***, 835 A.2d 786 (Pa.Super. 2003).

Our Court will evaluate the adequacy of the plea colloquy and the

voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. ***Commonwealth v. Muhammad***, 794 A.2d 378 (Pa.Super. 2002). A defendant who decides to plead guilty is bound by the statements he makes while under oath, "and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa.Super. 2003).

Instantly, Appellant's brief contains no discussion of the prejudice prong of the ineffectiveness test. Additionally, Appellant baldy asserts that plea counsel lacked a reasonable basis for his actions, and Appellant fails to explain how counsel's alleged deficiencies caused him to enter an unknowing and involuntary plea. Absent more, the cursory analysis set forth in Appellant's brief does not adequately analyze his ineffectiveness claim. ***See Santiago, supra***; ***D'Amato, supra***. Thus, Appellant's issue concerning plea counsel's ineffectiveness is waived.

Moreover, even if Appellant had presented an adequate argument, no relief would be due, based on a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Steve P. Leskinen. The PCRA court opinion discussed and properly disposed of the question presented. (***See*** PCRA Court Opinion at 4-10) (finding: plea counsel provided credible testimony at PCRA hearing; plea counsel testified regarding ongoing nature of plea negotiations; plea counsel

met with Appellant before each court proceeding and several times at county prison; immediately after plea counsel secured deal for Appellant to plead guilty to involuntary manslaughter, counsel met with Appellant to discuss Commonwealth's offer; nevertheless, plea counsel also commenced preliminary preparations for trial by obtaining discovery and interviewing potential witnesses; plea counsel did not retain medical expert, because plea counsel could not find expert who would offer favorable opinion; plea counsel reviewed discovery and degrees of homicide with Appellant; Appellant's responses during oral plea colloquy indicated satisfaction with plea agreement and plea counsel's representation).  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/23/2015</u>