J.S13032/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SEAN JOSEPH GRAHAM, | : | |
| | : | |
| Appellant | : | |
| | : | No. 1041 WDA 2015 |

Appeal from the Order Dated June 9, 2015
in the Court of Common Pleas of Blair County Criminal Division
at No(s):   CP-07-CR-0000871-2012
CP-07-CR-0001009-2011
CP-07-CR-0001228-2013
CP-07-CR-0001561-2012

BEFORE: LAZARUS, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED MARCH 30, 2016**

Appellant, Sean Joseph Graham, appeals from the order that denied his petition to withdraw his guilty plea *nunc pro tunc*. Appellant claims he did not receive the benefit of his plea bargain, namely, that his girlfriend/codefendant would retain ownership of her bar if she pleaded guilty to misdemeanor charges. We affirm.

Appellant was charged in four separate cases: two involving drug trafficking offenses and two involving assault and harassment offenses.[1]

---

[*] Former Justice specially assigned to the Superior Court.

[1] Specifically, CR-1009-2011 involved drug and gun charges related to a search of a residence shared by Appellant and his girlfriend/codefendant, Melissa Shaw. CR-1561-2012 involved drug charges arising out of a

Appellant's girlfriend was a codefendant based on the discovery of narcotics, paraphernalia, and firearms in Appellant's and codefendant's shared residence.

On September 27, 2013, Appellant and codefendant appeared at a guilty plea hearing. As discussed more fully below, the Commonwealth extended the following plea offers: (1) to Appellant, an aggregate sentence recommendation of ten to twenty five years' imprisonment for all cases and (2) to codefendant, a sentence recommendation of twenty-three months' and five years' probation for one felony conspiracy to commit possession with intent to deliver. However, the parties agreed that Appellant, against the advice of his counsel, Steven P. Passarello, Esq., was willing to accept a more severe sentence of fifteen to thirty years' imprisonment, if codefendant could enter a plea to misdemeanor charges. Appellant explained he was accepting a more severe plea bargain, "[j]ust hopefully so my girlfriend doesn't lose her bar and because it was all my fault." N.T. Guilty Plea H'rg, 9/27/13, at 20. The trial court accepted the modified plea bargain and Appellant's guilty plea. Appellant waived a presentence investigation and was sentenced that same day.[2]

_____

controlled purchase of cocaine. CR-871-2012 and CR-1561-2012 involved assaults and harassment charges.

[2] After sentencing Appellant, the trial court accepted codefendant's plea to misdemeanor drug charges.

Appellant did not file post-sentence motions or take a direct appeal. On February 25, 2014, Attorney Passarello filed a motion to withdraw Appellant's plea *nunc pro tunc*, asserting Appellant was unduly influenced by codefendant. On April 1, 2014, Attorney Passarello filed an amended motion asserting Appellant would not have accepted the plea offer if he knew *Alleyne v. United States*, 133 S. Ct. 2151 (2013), rendered mandatory minimum sentencing provisions unconstitutional.

On June 6, 2014, the trial court held a hearing on the motion and on July 2, 2014, entered an opinion and order denying Appellant's request to withdraw his plea. In denying Appellant's claim that codefendant unduly influenced his plea, the court observed that Appellant agreed to the more severe plea offer "in return for the Commonwealth reducing charges to misdemeanor charges for [codefendant] so that [codefendant] would not lose her liquor license." Trial Ct. Op., 7/2/14, at 3. It noted, "[Appellant] acknowledged to date, [codefendant] has been able to retain her liquor license and operate her bar." *Id.* It concluded, "[W]e are fully satisfied that Appellant "received the 'benefit of the bargain' . . . and that his plea was entered knowingly, intelligently, and voluntarily." *Id.* Appellant filed a timely notice of appeal, and the court appointed present counsel for the purposes of this appeal. On November 6, 2014, Appellant discontinued his appeal from the July 2nd order.

On December 8, 2014, present counsel filed the instant petition to withdraw Appellant's guilty plea *nunc pro tunc*. Appellant asserted that on July 21, 2014, an administrative judge adjudicated a complaint filed by the Pennsylvania Liquor Control Board ("PLCB"), and based on her drug conviction, ordered her to place her liquor license in safekeeping for transfer. Appellant alleged codefendant has since relinquished her license. He thus argued his plea was unknowing, unintelligent, and involuntary because, "[h]ad [he] known that [codefendant] would lose her liquor license regardless of which offer he accepted, [he] would not have agreed to" the more severe offer." Pet. to Withdraw Guilty Plea *Nunc Pro Tunc*, 12/8/14, at 36-37.

On June 4, 2015, the trial court held a hearing on the motion, at which codefendant and Appellant testified. On June 9, 2015, the trial court denied Appellant's motion. Appellant timely appealed and complied with the court's order to submit a Pa.R.A.P. 1925(b) statement.

Appellant presents the following question for review: "Whether Appellant was entitled to withdraw his guilty plea after the imposition of sentence?" Appellant's Brief at 4. Appellant argues that he "did not receive the benefit of the bargain relative to the plea agreement envisioned by all interested parties—[Appellant], the Commonwealth, and [codefendant]." *Id.* at 12. He asserts he "was unaware of the most pertinent fact concerning his decision—the viability of [codefendant's] liquor license after her plea and

sentencing . . . ." *Id.* at 14. Thus, he contends he demonstrated "manifest injustice" warranting a withdrawal of his plea. *See id.* at 15.

"[I]t is well settled that 'where a plea bargain has been entered into and is violated by the Commonwealth, the defendant is entitled, at the least, to the Benefit of the bargain.'" *Commonwealth v. Zuber*, 353 A.2d 441, 444 (Pa. 1976) (citation omitted). To withdraw a plea following sentence, a defendant must show manifest injustice, namely, that his plea was unknowing, unintelligent, or involuntary. *Commonwealth v. Broaden*, 980 A.2d 124, 129 (Pa. Super. 2009); *Commonwealth v. Hodges*, 789 A.2d 764, 765 (Pa. Super. 2002). We review the denial of a motion to withdraw a plea for an abuse of discretion.[3] *See Commonwealth v. Muhammad*, 794 A.2d 378, 382 (Pa. Super. 2002).

---

[3] We note there are four generally recognized means for a defendant to challenge a guilty plea following the imposition of sentence. First, a defendant may timely file a post-sentence motion seeking withdrawal of his plea. *See* Pa.R.Crim.P. 702(B)(1)(a)(i). Second, once a conviction becomes final, a defendant may file a Post Conviction Relief Act ("PCRA") petition asserting he is innocent and his plea was unlawfully induced. *See* 42 Pa.C.S. § 9543(a)(2)(iii). Third, a defendant may filed a PCRA petition asserting his counsel was ineffective. *See* 42 Pa.C.S. § 9543(a)(2)(ii). Fourth, a defendant may file a petition to enforce a plea bargain without withdrawing his plea. *See Commonwealth v. Hainesworth*, 82 A.3d 444, 447, 450 (Pa. Super 2013) (*en banc*).

Instantly, Appellant did not timely seek withdrawal of his plea, assert he was innocent, or claim counsel's ineffectiveness. Further, he did not seek enforcement of any offer or agreement. Thus, Appellant's specific claim did not fall squarely within the four recognized categories for challenging the validity of a guilty plea. However, it would appear that Appellant's claims should have been brought under the PCRA. Nevertheless, we will review the

A claim that a party has breached a plea agreement requires contract law analysis. *See Commonwealth v. Hainesworth*, 82 A.3d 444, 447 (Pa. Super 2013) (*en banc*)..

> Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation. Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary . . . . However, we are bound by the trial court's credibility determinations.

*Gillard v. Martin*, 13 A.3d 482, 487 (Pa. Super. 2010) (citations omitted).

Parties must state the terms of a plea agreement on the record and in the presence of the defendant. Pa.R.Crim.P. 590(B)(1). "If a trial court accepts a plea bargain, the defendant who has given up his constitutional right to trial by jury must be afforded the benefit of all promises made by the district attorney." *Hainesworth*, 82 A.3d at 449 (citation omitted).

> [D]isputes over any particular term of a plea agreement must be resolved by objective standards. A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication.
>
> Any ambiguities in the terms of the plea agreement will be construed against the Government.

*Commonwealth v. Kroh*, 654 A.2d 1168, 1172 (Pa. Super. 1995) (citations omitted).

---

merits of this appeal in light of the procedural history and unique circumstances of Appellant's claims.

Instantly, the nature and terms of the plea offers were set forth in the record as follows:

> [Commonwealth's counsel]: [S]o if [Appellant] is taking the ten to twenty-five, which is what the Commonwealth has always said that the recommendation was the agreement for [codefendant] or the offer would be the what did I say nine to twenty-three plus five for the conspiracy to PWID. If [Appellant] was entertaining the fifteen to thirty the offer would be I would imagine it would be several misdemeanors you know drug misdemeanors or drug conspiracy mis—well one conspiracy misdemeanor. How we'd work that out to get to [the District Attorney's] one to two less a day plus five, but that was predicate the whole time on the fifteen to thirty which again I think. [Appellant's counsel] put on record he would not advise [Appellant] to do, and I would put on the record I was not asking or advising [Appellant] to do. It was my understanding it was a request by [Appellant] and [codefendant] that that be entertained because I don't—I want to make the record clear that the Commonwealth you know is not trying to pigeon hole [Appellant] in essence.
>
> \* \* \*
>
> [Appellant's counsel]: Just so I'm clear cause I am very confused. If he does the fifteen which I'm going to tell the Court clearly is against my legal advice and I'm going to put that on the record.
>
> BY THE COURT: Right.
>
> [Appellant's counsel]: She will be receiving a misdemeanor for a county sentence with work release.
>
> [Commonwealth's counsel]: They would have to be several.
>
> [Appellant's counsel]: Several misdemeanors for a county sentence.
>
> [Commonwealth's counsel]: One to two plus five.

[Appellant's counsel]: With work release.

[Commonwealth's counsel]: Correct.

[Appellant's counsel]: If he takes the ten, she receives a felony.

[Commonwealth's counsel]: One felony nine to twenty-three plus five so less time.

[Appellant's counsel]: Less time but a felony.

\* \* \*

[Commonwealth's counsel]: **Judge I want to be just clear on the record, and I understand I think a lot of this is about her ownership of Shaw's bar**. It's always been the Commonwealth's position that the cocaine came from the residence and the bar was not involved, and I've indicated from you know to [codefendant's counsel] that if there's a plea to felony conspiracy the Commonwealth would be happy to put that on the record. With the Commonwealth's theory of the case and all the physical evidence we had pointed to the cocaine coming from the house and there was no evidence we have trafficking from the bar. Aside from what I believe to be the self-serving statement of [codefendant] you know which I still don't believe it was accurate that she got [drugs] from the bar so I'm happy to put that on the record.

N.T., 9/27/13, at 4, 6-7 (emphasis added).

Appellant's counsel, Attorney Passarello, then summarized the charging and sentencing terms of Appellant's revised plea bargain for the four cases. Attorney Passarello reiterated:

[H]e is taking five extra years and the reason he is doing that is that chivalry is not dead. He is taking this hit for the plea negotiation and plea that is coming before this Court . . . for [codefendant]. I've informed my client it is against my legal advice.

- 8 -

*Id.* at 15. The Commonwealth agreed to the terms of the plea bargain as stated by Appellant's counsel, emphasizing (1) "[t]he Commonwealth did not propose this arrangement[;]" (2) it was codefendant's counsel who "has incessantly been asking for a misdemeanor for [codefendant;]" and (3) the District Attorney "did agree that if [Appellant] did fifteen to thirty years[, codefendant] could do a misdemeanor but for more jail time." *Id.* at 16.

The trial court, during its colloquy, specifically questioned Appellant regarding his decision to plead guilty under a more severe agreement:

> BY THE COURT: And could you explain to the Court why you're choosing to do an extra five to ten years in a state prison as opposed to accepting the original offer extended by the Commonwealth?
>
> [Appellant]: **Just hopefully so my girlfriend doesn't lose her bar and because it was all my fault**.
>
> BY THE COURT: Okay and you're willing to accept that responsibility?
>
> [Appellant]: Yes.
>
> BY THE COURT: And you accept that responsibility freely?
>
> [Appellant]: Absolutely yes.
>
> BY THE COURT: Okay and there's no guarantees that you're going to have any sort of future relationship with [codefendant] do you understand that?
>
> [Appellant]: Yes.

*Id.* at 20 (emphasis added). Appellant confirmed that no one forced him to take the more severe plea agreement. *Id.* at 21.

Thus, as stated by the parties, the terms were for Appellant to serve a longer sentence for a concession by the Commonwealth to accept codefendant's pleas to lower graded offenses. Undoubtedly, Appellant made clear his subjective intent to help codefendant retain her ownership of the bar. However, he has not established that the trial court, the Commonwealth, or his attorney induced him to believe that the reduced grading of codefendant's offenses would immunize her from further action from the PLCB. Further, the record does not evince a meeting of minds that codefendant's continued licensure was a condition of the plea bargain. Accordingly, we find no basis to disturb the trial court's determination that Appellant's plea bargain did not contain an enforceable promise or guarantee that codefendant would not lose her liquor license. *See Broaden*, 980 A.2d at 129; *cf. Hodges*, 789 A.2d at 765. Because Appellant has not demonstrated the Commonwealth violated a term of the plea bargain, we are constrained to reject his argument that codefendant's loss of her liquor license was a "manifest injustice" that entitled him to withdraw his plea.

Order affirmed.

J.S13032/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2016