## Commonwealth v. Kidd

C.P. of Bucks County, no. 3477-2009.

*Suzette S. Adler,* deputy public defender, for appellant.
*Ryan Hyde,* assistant district attorney, for appellee.

CEPPARULO, *J.,* March 25, 2010—

## I. INTRODUCTION

Defendant Henry Kidd appeals to the Superior Court of Pennsylvania from this court's denial of his motion to withdraw plea of guilty.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On April 21, 2009, defendant Henry Kidd was arrested for trying to purchase merchandise from a Falls Township, Bucks County, Pennsylvania 7-Eleven with a counterfeit $100 bill. On October 19, 2009, defendant initially entered a guilty plea to forgery and attempted theft by deception.[1] After receiving a full plea colloquy, defendant indicated that he wanted to re-evaluate his situation to withdraw his proposed guilty plea and changed his plea to not guilty. On October 26, 2009, defendant changed his mind again and entered an *open* guilty plea. Defendant's plea was accepted and he was immediately sentenced to a period of incarceration of

---

1. 18 Pa.C.S. §4101 (A)(3); 18 Pa.C.S. §3922(A)(1).

not less than six months, nor more than 24 months on the forgery count, with no further penalty for the attempted theft by deception count.

On November 5, 2009, defendant filed a motion to withdraw plea of guilty alleging that his plea was not knowing, intelligent, or voluntarily entered because he believed that there was an agreement that he would receive a sentence of six to 23 months. Defendant's motion was denied on November 30, 2009. Defendant appeals from the denial of his motion to withdraw plea of guilty.

### III. MATTER COMPLAINED OF ON APPEAL

On January 22, 2010, defendant filed his statement of matters complained of on appeal, raising the following issue, verbatim:

"Did the trial court err when it denied appellant's motion to withdraw his guilty plea?"

### IV. ANALYSIS

The sole issue defendant raises on appeal is whether this court erred in denying his post-sentence motion to withdraw guilty plea. The standard of review for post-sentence motions for withdrawal is well settled:

"'[P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices.' *Commonwealth v. Flick,* 802 A.2d [620, 623 (Pa. Super. 2002)]. A defendant must demonstrate that manifest injustice

would result if the court were to deny his post-sentence motion to withdraw a guilty plea. *Id.,* citing *Commonwealth v. Gunter,* 565 Pa. 79, 771 A.2d 767 (2001); *Commonwealth v. Kirsch,* 930 A.2d [1282, 1284 (Pa. Super. 2007)]. 'Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily.' *Commonwealth v. Hodges,* 789 A.2d 764, 765 (Pa. Super. 2002), citing *Commonwealth v. Persinger,* 532 Pa. 317, 615 A.2d 1305 (1992)." *Commonwealth v. Broaden,* 980 A.2d 124, 129 (Pa. Super. 2009).

Defendant's motion claims that his plea was not knowing, intelligent, or voluntarily entered because he believed that there was an agreement that he would receive a sentence of six to 23 months, instead of the six to 24 month sentence he received. A review of defendant's plea colloquy, however, reveals no such agreement. Defendant received two thorough plea colloquies, where he affirmed his understanding of the meaning and consequences of an open guilty plea, including his understanding of the possible maximum sentence he could receive and that he was pleading guilty, not because of an agreement as to sentence, but because he was actually guilty of the crimes charged.

During defendant's first guilty plea colloquy, which occurred on October 19, 2009 (N.T. 1, p. 1), after participating in virtually the entire guilty plea colloquy, defendant indicated that he wished to withdraw his guilty plea and to plead not guilty. (N.T. 1, p. 10.) This reevaluation by defendant occurred during the factual presentation of the crimes for which Mr. Kidd was pleading guilty and he indicated to the court that he was not

pleading guilty because he was not sure who was representing him. It is worth noting, of course, that the Bucks County Public Defender represented defendant from the initial complaint up to and including the colloquy with the court and we assumed that Mr. Kidd's only complaint was that different public defenders handled different stages of the case. In any event, during his explanation he stated "then when I get down here, perfect example, today, she just presented the offer to me and I, I—I'm considering it, but I don't want to give up my right yet". (N.T. 1, p. 10.) The court responded "there is no offer." Defendant responded "there is no offer?". The court responded "no." (N.T. 1, p. 10.)

Defendant was, therefore, advised on the record specifically during the first guilty plea colloquy that there was no offer from the Commonwealth or by his public defender as a condition of his pleading guilty. Because this was prior to sentencing, the court permitted Mr. Kidd to withdraw his guilty plea and set the case down for trial on October 26, 2009. On that date, rather than pleading not guilty and going to trial, defendant again changed his mind and indicated that he now was willing to plead guilty. Defendant received another full guilty plea colloquy where he was told, now for the second time, of the maximum sentence for the crime to which he was pleading guilty with no indication that this plea was subject to a plea bargain with the district attorney. (N.T. 2, p. 2.) During the sentencing phase of that proceeding, this court initially imposed a sentence of not less than one nor more than three years incarceration in a state correctional institution and began to give Mr. Kidd credit for time already served when it was realized that the defendant was

not entitled to any time credit (N.T. 2, p. 9) because he was not entitled to time credit, we reconsidered and vacated our initial sentence and instead imposed a sentence of not less than six months nor more than 24 months incarceration in a state correctional institution based not only on the fact that he did not have any time credit on this sentence, but also because he was facing a state parole violation sentence of approximately eight months. (N.T. 2, p. 9.) There is no indication, whatsoever, of any type of plea bargain or plea agreement and no objection was made to the sentence imposed by the defendant or his attorney. In deciding whether there was any credibility to the defendant's assertion that there was a plea agreement, we also took note that the Bucks County Criminal Court Sheet did not indicate a negotiated plea and instead simply indicated that this was an open guilty plea on Count 1 of the Information. Finally, we also make reference to the Pennsylvania Commission on Sentencing Guidelines wherein the defendant's mitigated range was at six months, the standard range of sentence was nine to 16 months and the aggravated range was 19 months on Count 1, forgery, which was charged as a felony of the second degree. Obviously, defendant ultimately received a mitigated sentence. It is also worth noting that on that same form, there is an indication that the defendant has had a minimum of ten prior convictions indicating that he was certainly familiar with the Criminal Justice System. On that form, the block marked "non-neg guilty plea" was checked off and the block marked "neg guilty plea" was left blank.

Defendant's motion to withdraw plea of guilty only demonstrated his displeasure with the sentence he received and then only with the 24 month maximum he

received versus the 23 months he alleges he was promised. As indicated by the withdrawal of his October 19 guilty plea for time to reconsider his plea, defendant was obviously weighing the consequences of going to trial or of pleading guilty. There was no indication during either of the two guilty plea colloquies that defendant's decision was anything but a knowing, intelligent, and voluntary guilty plea. Each guilty plea colloquy also advised defendant that if his case involved a plea bargain which the court was unwilling to accept, that the court would allow defendant to withdraw his guilty plea under such circumstances (N.T. 1, p. 7 and N.T. 2, p. 5). Defendant was acutely aware of the meaning and consequences of his guilty plea. Defendant's claims in his motion to withdraw that he believed he would receive a maximum sentence one month less than what he actually received is neither credible given the circumstances, nor does it rise to the level of a manifest injustice. Defendant's motion to withdraw demonstrates nothing more than defendant's displeasure at receiving a maximum sentence of 24 months, instead of 23 months. As such, it is respectfully suggested that defendant's motion to withdraw guilty plea was properly denied and that no manifest injustice has resulted thereby.

## V. CONCLUSION

The foregoing represents this court's opinion regarding defendant's appeal from the denial of his motion to withdraw plea of guilty, dated November 5, 2009.