J-S05027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEMAUN GREEN | : | |
| | : | |
| Appellant | : | No. 1075 WDA 2018 |

Appeal from the Judgment of Sentence Entered January 5, 2018
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0000594-2017

BEFORE: PANELLA, P.J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED FEBRUARY 21, 2019**

Appellant Demaun Green appeals *nunc pro tunc* from his judgment of sentence following his no-contest plea to possession with intent to deliver a controlled substance (PWID).[1] Appellant asserts that he did not voluntarily plead no-contest to PWID because he was not properly informed of the length of his potential sentence. We affirm.

The factual basis for Appellant's no-contest plea was summarized as follows at his plea hearing:

> [O]n or about March 9th, 2017, at 731 Wallace Avenue in the City of Farrell, the Farrell Police . . . responded to three separate calls to that area, and ultimately they went into the house of 731 where [Appellant] was located. They saw through a partially open door what appeared to be controlled substances on the bed. They went

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

and got a warrant. And in response to that they searched the room which was separately keyed in favor of [Appellant].

In there they found and seized one sealed envelope, two plastic bags containing plant material, one knotted plastic bag containing a white powdery substance, two small plastic bag corners containing white powder, one plastic prescription bottle containing one knotted plastic bag containing gray powder, and one small knotted plastic bag corner containing gray powder.

The plant material weighed 4.38 grams of marijuana. The white powder was 4.3 grams of cocaine. The white powder from the two bags weighed 0.56 grams of cocaine. The gray powder in another bag weighed 2.45 grams of heroin. And the gray powder in another item contained 0.20 grams of heroin.

They also found a scale. And when they searched [Appellant], he had [$950] in his rectum.

* * *

[Appellant] rented [the] room [at 731 Wallace Avenue] and he had a separate key that could lock and separately secure that room.

* * *

[Appellant] had a prior conviction at CR 1192-1996 before Judge Dobson for 35 [P.S. §] 780-113(a)(30), a felony [PWID], and he entered a guilty plea at that time.

Plea Hr'g, 10/31/17, at 14-16.

Appellant was charged with three counts of PWID. Appellant's case proceeded to a plea hearing on October 31, 2017. At that time, the court informed Appellant that his sentence could not be run concurrently with another sentence he was then serving since he had committed the PWID in the instant matter while on parole. *Id.* at 8. The court also stated that Appellant would receive the appropriate amount of credit for time served, whether the time was credited to the sentence for this matter or another

- 2 -

sentence. *Id.* at 7-8. When Appellant expressed that he had been under the impression that he could serve his sentence concurrently to his other sentence, the court asked him whether he needed additional time to speak with his attorney. *Id.* at 9-11. He replied that he did not. *Id.* at 11. Appellant stated that he was satisfied with his attorney's representation of him in the matter. *Id.* at 12. Additionally, the court informed Appellant of the potential length his sentence could be, and he indicated it was his choice to enter the no-contest plea. *Id.* at 12-13.

After the above colloquy with the court, Appellant pled no-contest to one count of PWID. The remaining counts were withdrawn. As part of the plea, the parties stipulated that Appellant's offense gravity score was five and his prior record score was four.[2] *Id.* at 5. The parties also agreed that half of the cash confiscated from Appellant, or $425, would be returned to him after the appeal period concluded. *Id.* at 6. On January 5, 2018, the court sentenced Appellant to eleven to twenty-three months' incarceration followed by five years' probation.

Shortly after the appeal period ended following sentencing, Appellant filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. In his PCRA petition, Appellant sought to have his direct appeal rights reinstated and requested to withdraw his plea. *See* PCRA Pet., 2/14/18, at 4, 6. On April 2, 2018, the PCRA court reinstated Appellant's appeal rights,

---

[2] The standard range of the sentencing guidelines provided for a minimum sentence of nine to sixteen months' incarceration.

ordering appointed PCRA counsel to file a post-sentence motion *nunc pro tunc* within thirty days of receiving transcripts from the plea hearing.

Counsel filed a post-sentence motion on May 7, 2018, requesting modification of Appellant's sentence since he suffers from mental illness and addiction to drugs, and wished to spend more time with his teenage daughter who has mental and behavioral problems. Post-Sentence Mot., 5/7/18, at ¶¶ 14-16. Appellant also sought to withdraw his plea, asserting a lack of consistency in his legal representation[3] and confusion regarding the conditions of his possible sentence. *Id.* at ¶¶ 22-27. Further, Appellant asserted that although he had not filed an appeal during the appeal period, he had not received the $425 owed to him from the money seized when he was arrested. *Id.* at ¶¶ 28-30. Appellant maintained his innocence, asserting that he "only entered into the plea agreement because he felt that his case was not being properly taken care of and that he had no chance of success at trial." *Id.* at ¶ 31.

The trial court denied Appellant's post-sentence motion on June 29, 2018. Appellant filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court issued a responsive Pa.R.A.P. 1925(a) opinion. The trial court indicated that

---

[3] Appellant was initially represented by a public defender. He subsequently retained private counsel for a brief period, and then a public defender was reappointed to represent Appellant. For the final two-and-one-half months before the no-contest plea hearing, Appellant was consistently represented by the public defender.

> [w]hile there may have been some initial confusion [at the no-contest plea hearing, the court] made very clear to [Appellant] that his sentence could not be run concurrent before [Appellant] entered into his plea. [Appellant] was afforded time by [the court] to discuss any confusion with both his attorney and [the court], but decided not to do so. Additionally, at his sentencing hearing[, Appellant] did not indicate any confusion about his plea, nor did he object to the sentence he received. Therefore, [the court] finds that his plea was knowingly, voluntarily, and intelligently entered.

Trial Ct. Op., 11/1/18, at 12.

On appeal, Appellant raises the following question for our review: "Did the [trial] court abuse its discretion by denying Appellant's post-sentence motion to withdraw his guilty plea[4] when Appellant was not properly informed of the nature and length of his potential sentence?" Appellant's Brief at 7.

Appellant asserts that he was "specifically misinformed about the concurrent or consecutive nature of his sentences. At the time of his plea, Appellant stated to the court that the promise of a concurrent sentence was part of the basis for his plea agreement." *Id.* at 13 (citations omitted). Additionally, Appellant argues that he "was not adequately informed of the amount of credit he would receive for his time[ ]served while incarcerated." *Id.* at 14. Appellant received forty-three days of credit, "which is significantly less than the three (3) months that . . . had been represented by his counsel." *Id.* at 15.

---

[4] The trial court, in its opinion, and Appellant, in his brief, interchangeably refer to the no-contest plea as a guilty plea.

A request to withdraw a no-contest plea and a guilty plea are governed by the same standards, including the following principles:

> [A]fter the court has imposed a sentence, a defendant can withdraw his guilty plea only where necessary to correct a manifest injustice.
>
> * * *
>
> To be valid [under the "manifest injustice" standard], a guilty plea must be knowingly, voluntarily and intelligently entered. [A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly. The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea.

*Commonwealth v. Kpou*, 153 A.3d 1020, 1023 (Pa. Super. 2016) (citations and quotation marks omitted).

There are six areas under Pa.R.Crim.P. 590, which the court should confirm that a defendant understands:

> (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea.

*Id.* (citation omitted). The inquiry into whether a defendant is aware of the permissible ranges of sentences "includes the requirement that a defendant not only be advised of the maximum punishment that he might receive but also that **consecutive** sentences might be imposed." *Commonwealth v. Yager*, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*) (citing *Commonwealth v. Persinger*, 615 A.2d 1305, 1308 (Pa. 1992)).

Further,

> [t]he reviewing [c]ourt will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea [under an abuse of discretion standard]. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Kpou*, 153 A.3d at 1023-24.

Appellant cites *Persinger* in support of his contention that he was not adequately informed of the possibility that his sentence in this matter would be consecutive to the other sentence he was already serving. In *Persinger*, the defendant's plea was deemed not to have been entered intelligently where neither the court nor his counsel had informed him that his sentences for multiple convictions could be ordered to be served consecutively. *Persinger*, 615 A.2d at 1307-08.

Here, in contrast, the trial court clearly informed Appellant that his sentence for PWID could not be concurrent with his other sentence. On multiple occasions, the court also stated that the sentences would have to be served consecutively. *See* N.T. Plea Hr'g at 8, 13. Because Appellant was informed of the nature of his sentence as being consecutive to his other sentence, he did not unknowingly or involuntarily enter his plea. *See Yager*, 685 A.2d at 1003-04 (explaining that "*Persinger* is inapposite because [the defendant] **was** advised . . . that the sentences could (and likely would) be consecutive.").

Similarly, regarding credit for time served, Appellant was informed that the exact number of days that would count toward the sentence in this matter was unknown, but that he would receive credit toward either of his sentences for the total time he was imprisoned. **See** N.T. Plea Hr'g at 7. Therefore, Appellant was informed of the status of his request for time-credit and voluntarily entered his plea after hearing that information. Moreover, Appellant declined further discussion with his attorney and indicated he was satisfied with her representation before he entered his no-contest plea. **See id.** at 9-12.

For the foregoing reasons, we discern no abuse of discretion in denying Appellant's request to withdraw his no-contest plea. **See Kpou**, 153 A.3d at 1023-24.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/2019

- 8 -