J-A04013-21
J-A04014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EMANUEL FIELDS | |
| Appellant | No. 733 EDA 2020 |

Appeal from the Judgment of Sentence Entered July 25, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0010432-2016

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EMANUEL FIELDS | |
| Appellant | No. 734 EDA 2020 |

Appeal from the Judgment of Sentence Entered July 25, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0000634-2017

BEFORE:  STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JULY 9, 2021**

Appellant Emanuel Fields appeals from the July 25, 2018 judgments of

sentence entered in the Court of Common Pleas of Philadelphia County ("trial

_____

[*] Retired Senior Judge assigned to the Superior Court.

court"), following the *nunc pro tunc* reinstatement of his direct appeal rights.

After review, we affirm.

The facts and procedural history of this case are undisputed. As summarized by the trial court:

> On October 11, 2016, around 7:20 in the evening, [Appellant], along with a co-defendant entered a house on Hellerman Street in the city and county of Philadelphia. The defendants encountered Maurice and Dorothy Hammon, and one of the defendants pulled a gun on both the Hammons. [Appellant] claims this house was known as a drug house and that he and the co-defendant only entered with the intention of stealing drugs. During the encounter with [Appellant], Mr. Hammon tried to get a handgun that was on the dining room table, causing [Appellant] to put the gun to Mr. Hammon's head and say "don't try it. I'll shoot you both." [Appellant] took [Mr. Hammon's] gun -- a Taurus revolver, Serial No. J033486 -- as well as $275 cash.
>
> On October 22, 2016, Dianna Nicholas got in an argument with [Appellant] while in a vehicle. At the time, Ms. Nicholas was the girlfriend of [Appellant]. After getting into an argument, [Appellant] began to punch Ms. Nicholas in the face and shot a gun in an unknown direction. Ms. Nicholas flagged an officer who arrested [Appellant] on the scene. Police recovered the stolen handgun from underneath the passenger seat where [Appellant] was sitting. At no point was [Appellant] licensed to carry a handgun. [Appellant] was arrested and charged [in connection with both incidents at separate dockets] with robbery, burglary, [firearms violations, terroristic threats, simple assault, recklessly endangering another person (REAP),] and related offenses.
>
> On January 25, 2018, [Appellant] entered into an open guilty plea before [the trial] court to two (2) counts of robbery, 18 Pa.C.S.A. § 3701(a)(1)(ii); one (1) count of burglary, 18 Pa.C.S.A. § 3502(a)(1); one (1) count of criminal conspiracy, 18 Pa.C.S.A. § 903; one (1) count of prohibited possession of a firearm, 18 Pa.C.S.A. § 6105(a)(1); one (1) count of theft by unlawful taking, 18 Pa.C.S.A. § 3921(a); one (1) count of receiving stolen property, 18 Pa.C.S.A. § 3925(a); one (1) count of criminal trespass, 18 Pa.C.S.A. § 3503(a)(1)(ii); one (1) count of

possession of a firearm without a license to carry, 18 Pa.C.S.A. § 6106(a)(1); one (1) count of possession of a firearm in public in Philadelphia, 18 Pa.C.S.A. § 6108; one (1) count of possession of an instrument of crime, 18 Pa.C.S.A. § 907(a); one (1) count of terroristic threat, 18 Pa.C.S.A. § 2706(a)(1); two (2) counts of simple assault, 18 Pa.C.S.A. § 2701(a); and two (2) counts of [REAP], 18 Pa.C.S.A. § 2705.

Following a sentencing hearing before [the trial] court on July 25, 2018, [the] court sentenced [Appellant] to five (5) to ten (10) years of incarceration for each of the following: count one (1) robbery, count two (2) burglary, and count three (3) criminal conspiracy. Additionally, [Appellant] was sentenced to three and a half (3.5) to seven (7) years of incarceration for possession of a firearm without a license to carry. These sentences were ordered to run concurrently for a total period of incarceration of five (5) to ten (10) years. [Appellant] was also given credit for time served. [Appellant] was further sentenced to five (5) years of probation for each of the following: count nine (9) possession of a firearm in public in Philadelphia, count ten (10) possession of an instrument of crime, and count eleven (11) terroristic threat. The probation sentences were ordered to run concurrently to one another and consecutively to confinement for an aggregate sentence of five (5) to ten (10) years of confinement followed by five (5) years of probation. No post-sentence motions or direct appeals were filed on behalf of [Appellant].

On April 11, 2019, [Appellant] filed a Post-Conviction Relief Act petition claiming ineffective assistance of counsel for failure to file a post-sentence motion and direct appeal. On January 27, 2020 th[e PCRA] court issued notice of its intent to deny [Appellant's] request for reinstatement of his post-sentence motion rights, but to reinstate his appellate rights. On February 24, 2020, [the PCRA court] reinstated [Appellant's] appellate rights *nunc pro tunc*. On February 26, 2020, [Appellant] filed a notice of appeal with the Superior Court of Pennsylvania.[1]

After filing the notice of appeal, [the trial] court issued an order pursuant to Pa.R.A.P. 1925(b), requiring [Appellant] to file a concise statement of errors complained of on appeal within 21

_____

[1] Appellant timely filed separate notices of appeal at each docket number identified in the caption. We *sua sponte* consolidated the appeals.

days. On March 23, 2020, [Appellant] filed the concise statement wherein [he] claims that his guilty plea was not entered knowingly, intelligently, and voluntarily, because trial counsel falsely advised [him] that he would be sentenced to a period of time served to twenty-three months in county prison and would be paroled immediately in exchange for entering the plea. Additionally, [Appellant] alleges that trial counsel failed to request a pretrial psychological evaluation and, in doing so, overlooked the fact that [Appellant] had a reduced capacity to make an informed decision regarding his plea.

Trial Court Opinion, 7/22/20, at 1-3 (internal record citations and unnecessary capitalizations omitted).

On appeal, Appellant argues only that his guilty plea was not knowing, voluntary and intelligent because trial counsel allegedly advised him that "he would be sentenced to a period of time served to twenty-three months in county prison and would be paroled immediately in exchange for entering the guilty plea." Appellant's Brief at 7, 9. Additionally, Appellant claims that the plea was invalid because counsel, despite allegedly being asked by him to do so, never requested a pretrial psychiatric evaluation for Appellant to continue to receive medication for a preexisting psychiatric condition. *Id.* at 11. In other words, according to Appellant, because he did not receive the necessary medication, he was incompetent to plead guilty. *Id.*

Preliminarily, we note that to the extent Appellant suggests that his trial counsel was ineffective, we decline to review such a claim at this stage. As the Commonwealth correctly notes, Appellant may not raise ineffectiveness claims on direct appeal but must instead raise them in a PCRA petition. *See* Commonwealth's Brief at 6. In *Commonwealth v. Grant*, 813 A.2d 726 (Pa.

2002), our Supreme Court held that, as a general rule, defendants must wait to raise ineffective assistance of counsel claims until collateral review. Only in specific limited circumstances may a defendant raise ineffectiveness claims in post-sentence motions and on direct appeal. ***See***, ***e.g.***, ***Commonwealth v. Holmes***, 79 A.3d 562, 563–64 (Pa. 2013) (trial court has discretion to entertain ineffectiveness claims on post-verdict motions and direct appeal where: (1) claim of ineffectiveness is apparent from record and meritorious to the extent that immediate consideration best serves interests of justice; or (2) where good cause is shown and defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review from his conviction and sentence). These exceptions do not apply here. Appellant did not claim ineffective assistance of trial counsel in post-verdict motions, and he did not knowingly or expressly waive his entitlement to seek subsequent PCRA review from his conviction. At present, there is nothing in the record that facilitates intelligent appellate review of Appellant's claims of ineffective assistance. Therefore, Appellant must wait until PCRA proceedings to raise ineffective assistance claims. ***Commonwealth v. Britt***, 83 A.3d 198, 204 (Pa. Super. 2013) (appellant cannot seek review of ineffectiveness claim on direct appeal, "as it involves non-record-based claims, nor has Appellant waived PCRA review").

We now turn to the merits of Appellant's appeal, wherein he challenges the validity of his guilty plea. Upon review of the record, we are constrained

to agree with the Commonwealth's observation that Appellant has waived his challenge to the validity of the guilty plea. Commonwealth's Brief at 6. Here, Appellant did not object to the guilty plea during the plea colloquy or file any post-sentence motions seeking to withdraw his guilty plea. ***See Commonwealth v. Lincoln***, 72 A.3d 606, 610-11 (Pa. Super. 2013) (holding defendant failed to preserve challenge to validity of guilty plea where he did not object during plea colloquy or file post-sentence motion to withdraw plea), ***appeal denied***, 87 A.3d 319 (Pa. 2014); ***Commonwealth v. D'Collanfield***, 805 A.2d 1244, 1246 (Pa. Super. 2002) (noting that the appellant's claim challenging the validity of guilty plea was waived because the appellant neither objected during colloquy nor challenged it in a post-sentence motion); ***see also*** Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i) (stating post-sentence motion challenging validity of plea of guilty or *nolo contendere* shall be filed no later than 10 days after imposition of sentence). Accordingly, Appellant is not entitled to relief.

Even if we were to conclude that Appellant preserved his challenge to the validity of the guilty plea, he still would not obtain relief. To be valid, a plea must be voluntary, knowing, and intelligent. ***Commonwealth v. Persinger***, 615 A.2d 1305, 1307 (Pa. 1992). To ensure these requirements are met, Rule 590 of the Pennsylvania Rules of Criminal Procedure requires that a trial court conduct a separate inquiry of the defendant before accepting a guilty plea. It first requires that a guilty plea be offered in open court. The

rule then provides a procedure to determine whether the plea is voluntarily, knowingly, and intelligently entered. As the Comment to Rule 590 provides, at a minimum, the trial court should ask questions to elicit the following information:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has the right to trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range or sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590, Comment.[2] In ***Commonwealth. v. Yeomans***, 24 A.3d 1044 (Pa. Super. 2011), this Court explained:

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

---

[2] The Comment also includes a seventh question, which is applicable only when a defendant pleads guilty to murder generally.

*Yeomans*, 24 A.3d at 1047 (Pa. Super. 2011) (citation omitted).

> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy. . . . [A] defendant who elects to plead guilty has a duty to answer questions truthfully.

*Id.* "The law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made." *Commonwealth v. Yager*, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*) (citations and internal quotation marks omitted).

Instantly, our review of the record indicates that Appellant's claim that his trial counsel allegedly informed him that he would be sentenced to a period of time served to twenty-three months in county prison and would be paroled immediately in exchange for entering the guilty plea is without merit. Appellant signed two written guilty plea colloquies in this consolidate case, acknowledging that he faced up to 150 years' imprisonment for the home invasion and 22 years in prison for the subsequent gun case. Similarly, by pleading guilty, Appellant relinquished all pretrial rights that he might have had and there is nothing in the record to demonstrate that Appellant asked his counsel to seek a pretrial psychiatric evaluation. Moreover, the transcript of the guilty plea colloquy reveals in pertinent part:

THE COURT: How old are you?

[Appellant]: Thirty-two

THE COURT: How far did you go in school?

[Appellant]: Eleventh.

THE COURT: Read, write, and understand English?

[Appellant]: Yes.

THE COURT: Are you under the influence of drugs or alcohol today?

[Appellant]: No.

THE COURT: Suffering from any mental illness today?

[Appellant]: No.  I took my meds today.

THE COURT: What kind of medicine do you take?

[Appellant]: Zyprexa, Haldol.

THE COURT: Cogentin?

[Appellant]: It's something like Haldol.  I forgot  I think it's Celexa.

THE COURT: Okay.  Celexa.  You took the medicine this morning?

[Appellant]: (Unintelligible).  Yes.

THE COURT: You okay?  Huh?

[Appellant]: Yes.

THE COURT: What room are you in today?

[Appellant]: 705.

THE COURT: Got you.  Who is the president of the United States?

[Appellant]: Trump.

THE COURT: Okay.  Got it.  You okay.

 . . . .

THE COURT:  I said are you satisfied with your attorney.

. . . .

[Appellant]: Yes.

N.T. Guilty Plea, 1/25/18, at 3-5.  As the trial court reasoned:

During this colloquy, [Appellant] was asked if he suffered from any mental illness that could impair his ability to enter into a voluntary guilty plea; [Appellant] answered that he was not and had taken his medicine to mitigate his symptoms.  Additionally, [Appellant] acknowledged he has a full understanding of the English language and that he was not under the influence of drugs or alcohol when entering his guilty plea.  [Appellant] is now barred from contradicting these statements given openly and voluntarily at his plea colloquy.  Addressing his claim of competency, [Appellant] has cited no medical records that would suggest he is incapable of pleading guilty to the crimes of which he was accused. He was afforded the opportunity to consult with counsel before entering his plea, and there is no evidence on the record suggesting [Appellant] did not understand his attorney's advice. Similarly, there is no evidence on the record indicating that [Appellant] did not understand the nature of the proceedings against him.  As such, [Appellant] is competent to enter into a guilty plea as a matter of law.[3]  Therefore, it is clear from the written and on-record colloquy performed by [the trial court] that [Appellant] understood the nature of the offenses against him, had the opportunity to confer with counsel, and knowingly, voluntarily, and intelligently pleaded guilty[.]

_____

[3] A defendant is mentally competent to enter a guilty plea if he "had the opportunity at the appropriate time to consult with counsel, understand counsel's advice and information and understand the nature of the pending criminal proceedings against him."  **Commonwealth v. Smith**, 469 A.2d 1104, 1107 (Pa. Super. 1983) (citing **Commonwealth v. Scott**, 414 A.2d 388 (Pa. Super. 1979), and **Commonwealth v. Marshall**, 318 A.2d 724 (Pa. 1974)).  Since the determination of competency is a matter for the sound discretion of the lower court, we may not disturb that finding absent a clear abuse of that discretion.  **Commonwealth v. Frey**, 904 A.2d 866, 872 (Pa. 2006).

- 10 -

Trial Court Opinion, 7/22/20, at 5-6 (citations and unnecessary capitalizations omitted). Based upon our review of the record, Appellant's claim that his guilty plea was involuntary, unintelligent, or unknowing lacks merit, as it was belied by his written questionnaire and oral colloquy. As stated, Appellant is bound by the statements he made at the time of his guilty plea. ***Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa. Super. 2012) (A defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pleaded guilty).

Judgments of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/9/2021