J-S12015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXANDER RIVERA | : | |
| | : | |
| Appellant | : | No. 1642 MDA 2022 |

Appeal from the Judgment of Sentence Entered October 25, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0002208-2022

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXANDER RIVERA | : | |
| | : | |
| Appellant | : | No. 1643 MDA 2022 |

Appeal from the Judgment of Sentence Entered October 25, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0002206-2022

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXANDER RIVERA | : | |
| | : | |
| Appellant | : | No. 1644 MDA 2022 |

Appeal from the Judgment of Sentence Entered October 25, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0002207-2022

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JUNE 23, 2023**

Alexander Rivera appeals from the judgment of sentence imposed following his guilty plea to multiple offenses. Additionally, Rivera's counsel filed a petition to withdraw from representation and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738, 744 (1967).  Upon review, we grant counsel's petition, and affirm the judgment of sentence.

These cases arose from Rivera selling drugs to a confidential informant on three separate occasions.  Rivera was charged with three counts each of delivery of cocaine and criminal use of a communication facility.[1]

Rivera entered a negotiated guilty plea to all charges.  The trial court sentenced Rivera to four years' probation, in accordance with the guilty plea agreement.   No post-sentence motion was filed.

Rivera, *pro se*, filed this timely appeal. [2]   Counsel sought leave from this Court to withdraw, which we granted.  Following remand and a **Grazier**

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 7512(a).

[2] This case involves multiple trial court dockets.  Although Rivera filed a notice of appeal listing all three trial court dockets, implicating **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), we observe that Rivera filed three separate

*(Footnote Continued Next Page)*

hearing, the trial court appointed new counsel for Rivera. New counsel filed a petition to withdraw from representation and an *Anders* brief with this Court. Rivera did not retain independent counsel or file a *pro se* response to the *Anders* brief.

Before we may consider the issues raised in the *Anders* brief, we must first consider counsel's petition to withdraw from representation. ***See Commonwealth v. Garang***, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw). Pursuant to *Anders*, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

***Commonwealth v. Edwards***, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, and required that the brief:

---

notices, each with a different number highlighted. We therefore decline to quash Rivera's appeal. ***See Commonwealth v. Johnson***, 236 A.3d 1141 (Pa. Super. 2020) (*en banc*).

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel has complied with each of the requirements of *Anders*. Counsel indicated that he reviewed the record and concluded that Rivera's appeal is frivolous. Further, the *Anders* brief substantially comports with the requirements set forth by our Supreme Court in *Santiago*. Finally, the record included a copy of the letter that counsel sent to Rivera stating counsel's intention to seek permission to withdraw and advising Rivera of his right to proceed *pro se* or retain new counsel and file additional claims. Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Rivera's appeal is wholly frivolous.

In the **Anders** brief, counsel sets forth one issue that Rivera wishes to raise: Whether Rivera should be able to withdraw his guilty plea because he was not in the right state of mind when he was informed about his case and did not have enough time to consider his decision. **Anders** Brief at 10.

"A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." **Commonwealth v. Lincoln**, 72 A.3d 606, 609-610 (Pa. Super. 2013); Pa.R.Crim.P. 720. Failing to do so generally results in the waiver of the issue on appeal. **Lincoln**, 72 A.3d at 610.

Upon review of the record, we observe that Rivera failed to do either. Rivera's issue, therefore, is waived. Further, because it is waived, Rivera's issue is frivolous under **Anders**. **See Commonwealth v. Tukhi**, 149 A.3d 881, 888–89 (Pa. Super. 2016); **see also Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa. Super. 2008) ("Having been waived, pursuing this matter on direct appeal is frivolous."). However, even if Rivera's issue was not waived, we still would conclude that it is frivolous.

To be valid, a guilty plea must be voluntary, knowing, and intelligent. **Commonwealth v. Persinger**, 615 A.2d 1305 (Pa. 1992). There are six relevant areas of inquiry which, at a minimum, must be addressed at a guilty plea colloquy. These areas are as follows:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he or she has the right to trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590. A reviewing court evaluates the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. *Commonwealth v. Muhammad*, 794 A.2d 378 (Pa. Super. 2002).

Here, the record shows that the trial court addressed the six required areas through oral colloquy of Rivera. When Rivera's response seemed somewhat tentative, the court offered to stop the proceeding, but Rivera continued. Additionally, when the trial indicated that Rivera did not have to plea, that he could go to trial if he wanted, Rivera indicated he wanted to plead. Rivera also completed and signed the written guilty plea colloquy which he reviewed with his counsel at the time. Lastly, we note, because Rivera had no prior record, the Commonwealth offered him probation which was not typically done. Given these circumstances, if Rivera had preserved this issue, we would conclude that his pleas were valid under Pa.R.Crim.P. 590.

Based upon the foregoing, we conclude that Rivera's sole claim on appeal is frivolous. Further, in accordance with *Dempster*, we have

independently reviewed the certified record to determine if there are any non-frivolous issues that counsel may have overlooked. Having found none, we agree that the appeal is wholly frivolous. Consequently, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/23/2023