J-A08013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VOLKER KIEFER | : | |
| | : | |
| Appellant | : | No. 1519 WDA 2021 |

Appeal from the Judgment of Sentence Entered October 19, 2021
In the Court of Common Pleas of Cameron County
Criminal Division at No.:  CP-12-CR-0000018-2021

BEFORE:   STABILE, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED: July 27, 2023**

Appellant Volker Kiefer appeals from the October 19, 2021 judgment of sentence entered in the Court of Common Pleas of Cameron County ("trial court"), following his guilty plea to four counts of possession of child pornography under Section 6312(d) of the Crimes Code, 18 Pa.C.S.A. § 6312(d).  His counsel has filed a brief and an application to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1969), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  Upon review, we affirm the judgment of sentence and grant counsel's application to withdraw.

The facts and procedural history of this case are undisputed.  Briefly, in connection with possession of child pornography, Appellant pled guilty to the aforementioned crimes on July 7, 2021.  The trial court, on October 19, 2021,

_____

[*] Retired Senior Judge assigned to the Superior Court.

sentenced Appellant to an aggregate term of 3 to 10 years' imprisonment.[1]

On October 29, 2021, Appellant filed a post-sentence motion, challenging only his sentence. The trial court denied the motion on November 3, 2021. Appellant timely appealed. On February 9, 2022, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant failed to comply.

On November 16, 2022, Appellant's counsel filed in this Court an *Anders* brief, wherein counsel principally challenged the validity of Appellant's guilty plea. *Anders* Brief at 7-11. On January 25, 2023, Appellant's counsel filed an application to withdraw as counsel.

On May 24, 2023, we directed Appellant's counsel to comply with the trial court's February 9, 2022 order by either filing a Rule 1925(b) statement or a statement of intent to withdraw under Pa.R.A.P. 1925(c)(4).[2] On June

---

[1] Consistent with the terms of the plea agreement, the trial court imposed concurrent sentences for each count. *See* N.T., Guilty Plea, 7/7/21, at 5 (noting that "the Commonwealth has agreed to run those counts concurrent with one another."); *see also* N.T., Sentencing, 10/19/21, at 15 ("The agreement that the Commonwealth entered with [Appellant] was that the Commonwealth would agree that those charges – or to request that those charges be run concurrently with one another.").

[2] Rule 1925(c)(4) provides:

> In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an [*Anders*] brief in lieu of filing a Statement. If, upon review of the [*Anders*] brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental

*(Footnote Continued Next Page)*

- 2 -

14, 2023, Appellant's counsel filed a notice of intent to file **Anders**/**Santiago** brief pursuant to Pa.R.A.P. 1925(c)(4). The court then filed a Pa.R.A.P. 1925(a) opinion.

When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). It is well-established that, in requesting a withdrawal, counsel must satisfy the following procedural requirements: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) provide a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel, proceed *pro se* or raise additional arguments that the defendant considers worthy of the court's addition. **Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009).

Instantly, counsel's application to withdraw from representation provides that counsel reviewed the record and concluded that the appeal is frivolous. Furthermore, counsel notified Appellant that he was seeking permission to withdraw and provided Appellant with copies of the petition to

_____

opinion pursuant to Rule 1925(a), or both. Upon remand, the trial court may, but is not required to, replace appellant's counsel.

Pa.R.A.P. 1925(c)(4).

withdraw and his **Anders** brief. Counsel also advised Appellant of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention. Accordingly, we conclude that counsel has satisfied the procedural requirements of **Anders**.

We next must determine whether counsel's **Anders** brief complies with the substantive requirements of **Santiago**, wherein our Supreme Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Here, our review of counsel's brief indicates that he has complied with the briefing requirements of **Santiago**. We, therefore, conclude that counsel has satisfied the minimum requirements of **Anders**/**Santiago**.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5.; **see Commonwealth v. Yorgey**, 188 A.3d 1190, 1195 (Pa. Super. 2018) (*en banc*) (noting this Court's responsibility to conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous.") (quotation omitted).

We now turn to the merits of Appellant's appeal, wherein he challenges the validity of his guilty plea. This issue, however, is waived. Appellant did not object to the guilty plea during the plea colloquy or file any post-sentence motions seeking to withdraw his guilty plea. *See Commonwealth v. Lincoln*, 72 A.3d 606, 610-11 (Pa. Super. 2013) (holding defendant failed to preserve challenge to validity of guilty plea where he did not object during plea colloquy or file post-sentence motion to withdraw plea), *appeal denied*, 87 A.3d 319 (Pa. 2014); *Commonwealth v. D'Collanfield*, 805 A.2d 1244, 1246 (Pa. Super. 2002) (noting that the appellant's claim challenging the validity of guilty plea was waived because the appellant neither objected during colloquy nor challenged it in a post-sentence motion); *see also* Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i) (stating post-sentence motion challenging validity of plea of guilty or *nolo contendere* shall be filed no later than 10 days after imposition of sentence). Accordingly, Appellant is not entitled to relief.[3]

Even if this issue were not waived, Appellant still would not obtain relief. To be valid, a plea must be voluntary, knowing, and intelligent. *Commonwealth v. Persinger*, 615 A.2d 1305, 1307 (Pa. 1992). To ensure

---

[3] Separately, to the extent there is any suggestion that the trial court abused its sentencing discretion, we disagree. Possession of child pornography under Section 6312(d) is graded as a felony of the second degree. 18 Pa.C.S.A. § 6312(d.1). The statutory maximum sentence for a felony of the second degree is 10 years' imprisonment. 18 Pa.C.S.A. § 1103(2). The parties agree that a standard range sentence would be 22 to 36 months' imprisonment. The trial court, here, sentenced Appellant to a minimum of 36 months' (3 years) and a maximum of 120 months' (10 years) imprisonment.

these requirements are met, Rule 590 of the Pennsylvania Rules of Criminal Procedure requires that a trial court conduct a separate inquiry of the defendant before accepting a guilty plea. It first requires that a guilty plea be offered in open court. The rule then provides a procedure to determine whether the plea is voluntarily, knowingly, and intelligently entered. As the Comment to Rule 590 provides, at a minimum, the trial court should ask questions to elicit the following information:

(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he or she has the right to trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range or sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590, Comment.[4] In **Commonwealth. v. Yeomans**, 24 A.3d 1044 (Pa. Super. 2011), this Court explained:

In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Thus, even

---

[4] The Comment also includes a seventh question, which is applicable only when a defendant pleads guilty to murder generally.

though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

***Yeomans***, 24 A.3d at 1047 (Pa. Super. 2011) (citation omitted).

The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy. . . . [A] defendant who elects to plead guilty has a duty to answer questions truthfully.

***Id.*** "The law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made." ***Commonwealth v. Yager***, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*) (citations and internal quotation marks omitted).

Here, our review of the written and oral colloquies reveals that Appellant's guilty plea was valid, *i.e.*, entered knowingly, voluntarily and intelligently. At the time of the colloquy, Appellant was 56 years old, had completed high school, and served in law enforcement. He affirmed that he was able to read, write and understand English. Appellant agreed with the factual basis proffered by the Commonwealth to bring the underlying charges. N.T., Guilty Plea, 7/7/21, at 9-10 (Appellant "was in possession of four images that depicted children under the age of 18 years in a state of nudity and/or engaging in sexual activity which depicted indecent contact."). Appellant

agreed he could face a maximum prison term of 10 years and a maximum fine of $25,000. Appellant further agreed that by pleading guilty he also was giving up his pretrial rights. Appellant also agreed that he understood the consequences of relinquishing his right to a trial by a judge or a jury and that at trial he would be presumed innocent until proven guilty by the Commonwealth beyond a reasonable doubt. Moreover, Appellant agreed that by pleading guilty he would be giving up his right to trial and accepting limited appeal rights following imposition of sentence. He affirmed that he was pleading guilty on his own volition and that he understood the terms and consequences of doing so. Appellant further stated that no one promised or threatened him to plead guilty. Appellant agreed that he has had sufficient time to discuss the terms of the plea with his counsel and that he was satisfied by his counsel's representation in this case. Thus, based upon our review of the record, Appellant's claim that his guilty plea was involuntary, unintelligent, or unknowing lacks merit and is belied by his written and oral colloquies.

Finally, after reviewing the issue contained in the *Anders* brief, we agree with counsel that the instant appeal is wholly frivolous. Furthermore, "after conducting a full examination of all the proceedings as required pursuant to *Anders*, we discern no non-frivolous issues to be raised on appeal." *Yorgey*, 188 A.3d at 1195. We, therefore, grant counsel's application to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/27/2023